**Warren FENCEROY and Edna Fenceroy, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

**No. Civ.A. 3:98–CV–2718–L.**

United States District Court, N.D. Texas, Dallas Division.

March 28, 2001.

Noah A. Fenceroy, Michael, Best & Friedrich, Milwaukee, WI, for plaintiffs.

Edna Fenceroy, Duncanville, TX, pro se.

Ramona Stephens Notinger, U.S. Dept. of Justice, Tax Division, Dallas, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

 Before the court are Defendant United States of America's ("IRS") Motion for Summary Judgment,[1] filed March 6, 2000, and Plaintiffs' Motion for Summary Judgment, filed April 3, 2000. Plaintiffs' motion was filed after the March 6, 2000 deadline for dispositive motions established in the court's Scheduling Order of December 28, 1999, and Plaintiffs have offered no explanation for the delay. Upon review of the "motion," however, it seems in effect to be a response to Defendant's motion. Local Rule 7.1(e) of the Northern District of Texas require responses to be filed within twenty days of the motion. Plaintiffs thus filed their response eight days late. The court notes that Plaintiffs are proceeding *pro se*, however, and concludes that this minimal overstep has not significantly prejudiced Defendant. The court therefore **denies** Plaintiffs' Motion for Summary Judgment, but will consider it as a response to Defendant's motion. Defendant's Response to Plaintiff's Motion was filed April 24, 2000; in effect, it is a reply to Plaintiffs' response. Although it was filed beyond not only the fifteen-day deadline for a reply brief, *see* Local Rule 7.1(f), but also the twenty-day deadline for a response brief,[2] the court will consider the reply as well, in the interests of fairness to both parties. After careful consideration of the motion, response, reply, briefs, evidence submitted, and applicable law, the court denies Defendant's motion.

## I. Factual and Procedural Background [3]

This lawsuit has its origins in the alleged failure by Astric of Houston, Inc. ("Astric") to pay certain withholding and FICA taxes for wages paid to its employees, for the fourth quarter of 1985 and the second and third quarters of 1987. Warren Fenceroy was an officer of Astric and owned 49% of the corporation. Employers are required to withhold FICA and federal income taxes from employees' wages, I.R.C. §§ 3102, 3402, and "the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States," I.R.C. § 7501. On October 10, 1988, the IRS assessed Warren Fenceroy $76,614.90 as a civil penalty pursuant to I.R.C. § 6672, which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

1. Defendant's motion, although denominated as one for summary judgment, actually requests both summary judgment, pursuant to Fed.R.Civ.P. 56, and (partial) dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

2. Defendant argued in this brief that Plaintiffs' motion should be ignored because it was filed beyond the deadline imposed by the Local Rules, bringing to mind the old admonition that "[p]eople who live in glass houses should not throw stones."

3. The facts contained herein are either undisputed or, where they are disputed, presented in the light most favorable to Plaintiffs as the parties opposing summary judgment.

This provision applies to "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." I.R.C. § 6671(b). A number of factors have been "relied upon by the federal courts in determining whether individuals are persons responsible for the payment of taxes withheld from the wages of employees," Richard Daguanno, *Employee Withholding Taxes: Who is Responsible?*, 68 Mich. B.J. 496, 497 (1989), but the court need not address those factors since Defendant's motion for summary judgment is based on the statute of limitations rather than the merits of the complaint.

■ Mr. Fenceroy paid the assessment, plus $24.00 in fees and costs and $17,337.95 in interest, over a period of time with the final payment made on or before December 31, 1991. He then allegedly filed a Form 843, Claim for Refund and Request for Abatement, on August 2, 1992 ("1992 Claim") to recover the amount paid. After various communications between the Fenceroys and the IRS, he filed another Form 843 on August 13, 1998 ("1998 Claim") requesting an abatement of $56,423.79. This represented:

1) $76,638.90 (the § 6672 penalty plus fees and costs) times 51% (representing the share of Astric that Fenceroy did not own),[4] or $39,085.84, plus

2) the $17,337.95 in interest.

---

4. The IRS did not move for summary judgment based on the merits of the claim. The court notes, however, that the Fenceroys' refund cause of action appears to be based at least in part on an assumption that an owner of a corporation should not be assessed a penalty pursuant to I.R.C. § 6672 that exceeds his proportional share of the unpaid taxes. This is contrary to clearly established law in this circuit. *See Howard v. United States*, 711 F.2d 729, 731–33, 737 (5th Cir. 1983) (upholding assessment of all of a corporation's unpaid employment taxes against a minority shareholder despite the fact that arguably another individual was " 'an even more responsible person' ") (quoting the district court). At trial, it will be incumbent upon the Fenceroys to identify a specific legal basis, whether statutory provision or caselaw, for finding that the taxes and interest were improperly assessed against Mr. Fenceroy. Proceeding to trial without such a legal basis for recovery risks sanctions by the court.

The IRS disallowed the claim on September 30, 1998, because it was not filed within the period permitted by law. This denial apparently related to the 1998 Claim, as the IRS letter denying the claim references the amount of $56,423.79, which was not mentioned on the 1992 Claim. The Fenceroys then filed this lawsuit on November 17, 1998. They seek the $56,423.79 for an abatement of the penalty and interest (the refund cause of action), plus damages in the amount of $100,000 for "actions, neglecting to respond to plaintiffs' pleads and requests for the past six years, [which] constitute a negligent disregard for the law" (the "negligent disregard" cause of action). The IRS, in its answer, denied the Fenceroys' allegations and stated that the tax assessment and handling of the claims were proper, noting that "[t]he Government can properly assess the entire trust fund recovery penalty regardless of the percentage of ownership of the corporation." The IRS also asserted affirmative defenses of statute of limitations (for failure to timely file an administrative claim and failure to timely file the lawsuit) and a lack of standing on the part of Edna Fenceroy.

## II. Standard of Review

### A. Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "is

viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.; Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey,* 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

### B. *Motion for Summary Judgment*

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Ragas,* 136 F.3d at 458.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir.1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id., see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."

*Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

### III. *Analysis*

The IRS' motion for summary judgment presents two arguments why the complaint should be dismissed. First, the IRS asserts that both causes of action are barred by the statute of limitations. Second, the IRS argues that the Fenceroys have alleged no statutory or other legal support for the "negligent disregard" cause of action and it therefore fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). After careful consideration, the court concludes that neither argument suffices.

### A. *Statute of Limitations*

 Taxpayers can sue for recovery of taxes, penalties, or interest improperly collected, but must first file an administrative claim with the IRS.

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, *according to the provisions of law in that*

*regard,* and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422(a) (emphasis added). The "provisions of law in that regard" to filing an administrative claim include a statute of limitations.

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

I.R.C. § 6511(a).[5] "Read together, the import of [§§ 7422 and 6511] is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund ... may not be maintained in any court." *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). In addition to properly and timely filing a claim, the taxpayer must also satisfy a different statute of limitations for the filing of the suit for refund.

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of

---

**5.** "Since no returns are filed in the case of Section 6672 liabilities, only the two-year rule has significance here." *USLIFE Title Ins. Co.* *of Dallas ex rel. Mathews v. Harbison,* 784 F.2d 1238, 1243 n. 6 (5th Cir.1986).

the disallowance of the part of the claim to which the suit or proceeding relates. I.R.C. § 6532(a).

██ The application of these provisions to this case is straightforward. At least some of the payments which the Fenceroys seek to recover were made as late as December 31, 1991. In order to maintain this suit, they must therefore have filed a claim with the IRS no later than December 31, 1993. The 1992 Claim met the deadline; the 1998 Claim did not. Although the Fenceroys clearly stated in both their complaint and the response brief that they filed a claim in August of 1992, the IRS makes absolutely no mention of the 1992 Claim in its motion for summary judgment and reply brief. The court notes that the Fenceroys submitted summary judgment evidence of the 1992 Claim, consisting of copies of the claim and a signed certified mail return receipt for an article mailed to the IRS. Because the IRS has not addressed the existence of the 1992 Claim, the court concludes that the Fenceroys have established a genuine issue of material fact concerning the timely filing of an administrative claim for refund or abatement of the amounts in question.[6]

The IRS denied the Fenceroys' claim (apparently the 1998 Claim) on September 30, 1998. Under the terms of I.R.C. § 6532(a), a lawsuit would have to be filed no later than September 30, 2000. The Fenceroys filed this lawsuit on November 17, 1998, well within the statute of limitations, and the IRS offers no evidence to the contrary. Accordingly, the court concludes that the Fenceroys have established a genuine issue of material fact concerning the timely filing of the lawsuit, and the IRS is not entitled to judgment as a mat-

ter of law with respect to the cause of action for refund or abatement of amounts paid.

### B. *Failure to State a Claim*

The IRS further argues that the Fenceroys' cause of action for damages must be dismissed because they have alleged no statutory or other legal support for that cause of action. In response, the Fenceroys point to a document which they apparently retrieved from the Internet. It states: "To chill the aggressiveness of abusive IRS agents, the bill lowers the threshold required to win a suit against the IRS from current law's reckless or intentional disregard of the law to negligent disregard. Damages would be capped at $100,00." *New Taxpayer Rights: The Highlights, at http://speaker-news.house.gov/28rights.asp* (visited November 23, 1998; no longer available).

██ Pleadings of *pro se* plaintiffs are to be liberally construed and are not to be held to the same stringent standards as those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Although the Fenceroys were apparently unaware of the exact statutory basis for a cause of action for negligent disregard, the court notes that such a cause of action does exist.

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title,

---

**6.** Because the Fenceroys did not properly move for summary judgment, the IRS was not required to come forward with evidence that the alleged 1992 Claim had *not* been filed.

The court therefore declines to rule as a matter of law that the Fenceroys *did* timely file an administrative claim.

such taxpayer may bring a civil action for damages against the United States in a district court of the United States. I.R.C. § 7433(a). The Fenceroys have alleged that the IRS "neglect[ed] to respond to plaintiffs' pleads and requests for the past six years." The court concludes that this suffices, although barely, to defeat a motion to dismiss for failure to state a claim upon which relief can be granted.[7] The IRS therefore is not entitled to dismissal of the "negligent disregard" cause of action.

### IV. Conclusion

The court concludes that, construing the *pro se* complaint liberally, it states a claim upon which relief can be granted. The court further concludes that the Fenceroys have established a genuine issue of material fact concerning the timeliness of their administrative claim and this lawsuit. Accordingly, the IRS is not entitled to dismissal of the "negligent disregard" cause of action and is not entitled to judgment as a matter of law for either cause of action.

The court, by order entered May 16, 2000, cancelled the remaining pretrial deadlines, the pretrial conference, and the trial setting. Because this case is not resolved by the IRS' Motion for Summary Judgment, the court will enter a new scheduling order by separate document.

---

7. The Fenceroys did not identify exactly which provision of the Internal Revenue Code or which IRS regulation the IRS disregards. Taking into account the liberality with which the court considers *pro se* complaints and the IRS' failure to make its argument more explicit by citing I.R.C. § 7433(a) and challenging the existence of any evidence of such negligent disregard, however, the court concludes that the motion to dismiss should be denied. At trial, it will be incumbent upon the Fenceroys to identify a specific IRC section or IRS regulation that government employees "disregarded" in order to sustain their claim. Proceeding to trial without such a legal basis for recovery risks sanctions by the court.