Frank HAILE, Individually and on
Behalf of Others Similarly
Situated, Plaintiff,

v.

The TOWN OF ADDISON, Defendant.

No. Civ.A.3–02–CV–1969–P.

United States District Court,
N.D. Texas,
Dallas Division.

April 25, 2003.

Law Office of Steven R. Dunn, Dallas,
TX, for Plaintiff.

David Timothy Moran, Jackson Walker,
Dallas, TX, for Defendant.

### MEMORANDUM OPINION
### AND ORDER

SOLIS, District Judge.

Now before the Court is Defendant's
Motion for Summary Judgment, with Response and Reply thereto, filed January 6,
2003. After a through review of the evidence, the parties' briefs, and the applicable law, for the reasons set forth below,
the Court GRANTS Defendants' Motion
for Summary Judgment.

### BACKGROUND

This action was filed by Frank Haile
who alleges that a fuel flowage fee assessed by the Town of Addison ("Addison") upon those persons holding aviation
fuel dispensing permits at the Addison Airport in Addison, Texas is unlawful. A fuel
flowage fee is a fee imposed upon sellers of
fuel at an airport to help the airport owner
or operator cover the necessary costs to
operate, improve and maintain the airport,

particularly for common areas such as fuel farms, runways, taxiways. It also covers the costs and expenses of regulating, inspecting and ensuring the safety of the sale of aviation fuel. D's MSJ Brief at 3. Haile seeks: (1) a declaratory judgment that the fuel flowage fee is an unauthorized tax; (2) damages for the alleged unconstitutional taking of property violating the Texas and United States Constitutions; and (3) injunctive relief.

The Resolution at issue states:

BE IT RESOLVED BY THE CITY COUNCIL OF THE TOWN OF ADDISON, TEXAS:

THAT, the City Council does hereby amend all of the existing Fuel Flowage Permits to establish the fuel flowage fee in an amount equal to twelve cents ($0.12) for each gallon of aviation fuel *received by permit holders* after October 1, 1994, and during the remaining term of the Permit ...

*Id.* at 3 (emphasis added).

Plaintiff is an owner of an airplane located at Addison Airport who has purchased aviation fuel from facilities located at Addison Airport. Haile is not a permit holder allowed to receive and dispense fuel at Addison Airport. There are three principal companies at the Addison Airport who sell aviation fuel to the public, none of which are party to this lawsuit. Defendant claims that because Haile is not a fuel permit holder, nor has he ever been, Haile is not subject to the fuel flowage fee. Therefore, Defendants claim, Haile lacks standing to challenge the fuel flowage fee charged by Addison.

### DISCUSSION

### I. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Id.* at 323, 106 S.Ct. 2548. However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Once the party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party defending the motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248–50, 106 S.Ct. 2505; *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir.1996) (en banc).

If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he bears the burden of proof at trial, summary judgment is mandatory. *Celotex,* 477 U.S. at 322–24, 106 S.Ct. 2548; *Washington v. Armstrong World Industries, Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988). A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose it violates a local rule. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). However, when the nonmovant fails to provide a response identifying the disputed issues of fact, the Court is entitled to accept the movant's description of the undisputed facts as *prima facie* evidence of its entitlement to judgment. *Eversley v. MBank Dallas,* 843 F.2d 172, 173–174 (5th Cir.1988); *Nordar Holdings, Inc. v. Western Sec. (USA) Ltd.,* No. 3:96–CV–0427–H, 1996 WL 739019, *2 (N.D.Tex. Dec. 18, 1996).

■ Finally, the Court has no duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise matter in which the evidence supports his or her claim." *Id.* A party may not rely upon "unsubstantiated assertions" as competent summary judgment evidence. *Id.*

## II. STANDING

Defendant claims that Plaintiff has no standing to bring this action. For a plaintiff to have standing to bring a lawsuit, (1) the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest which is both concrete and particularized as well as actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Plaintiff claims that Defendant enacted an illegal tax, and that this tax is being forced upon and paid by Plaintiff and others similarly situated. P's Rsp. at 7. In his declaration, Plaintiff states that "[i]ncluded in the price of the aviation fuel was the fuel flowage fee being charged by the Town of Addison and in conjunction with paying for the aviation fuel, [he] was forced to pay this fuel flowage fee." The Court in *Lujan* articulated the non-movant's burden in a response to a motion attacking standing as follows: "[i]n response to a summary judgment motion, however, the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. Beyond mere conclusory statements, Plaintiff set forth no proof that the tax assessed to permit holders was then included in the price of the fuel and passed on to fuel purchasers. In fact, Plaintiff does not provide the Court, through affidavit or other evidence, specific facts establishing the three elements required to satisfy the standing requirement.

First, there are no specific facts establishing that Haile has personally suffered an "injury in fact" that is concrete and not hypothetical. Haile's affidavit merely establishes that he has purchased aviation fuel at Addison Airport. The Resolution

clearly applies to permit holders, and the fuel flowage tax is assessed against those permit holders, not against individual purchasers of fuel. Aside from mere assertions that the tax assessed to permit holders is included in the price of the fuel he purchases, Plaintiff offers no evidence of an injury in fact. Second, Hails fails to articulate facts to support the causation element. Haile does not provide the court with information that the complained of injury is not the result of the independent action of third parties not before the Court, such as permit holders, who independently set the prices they charge for aviation fuel. Lastly, Plaintiff has provided no evidence of any specific facts suggesting that his alleged injuries would be redressed by a favorable decision from the Court. The Court in *Lujan* explained,

> When, however, as in this case, a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed. In that circumstance, causation and redressability ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction—and perhaps on the response of others as well. The existence of one or more of the essential elements of standing "depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict," and it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury.

*Lujan*, 504 U.S. at 562, 112 S.Ct. 2130.

Plaintiff has made no showing that if the Court found the tax to be illegal, that the fuel providers, who are not subject to this action, would decrease the price of fuel by $0.12. Thus, Plaintiff has failed to provide the Court evidence to establish that he has standing to challenge the Resolution.

In *Burton*, the Eighth Circuit faced a standing challenge very similar to the case at hand. *Burton v. Central Interstate Low–Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 209–210 (8th Cir. 1994). In *Burton*, Plaintiffs brought a claim seeking a declaratory judgment that Defendant's by-laws and taxation of public power entities were illegal. Plaintiffs claimed they had standing because, *inter alia*, the public entity of which one plaintiff was a ratepayer increased its rates in response to the commission's taxation. In affirming the district court's ruling that plaintiffs lacked standing, the Eight Circuit stated,

> That LES increased electricity rates in response to the Commission's taxes on LLRW is not by itself enough to confer standing on Munn. Although increased rates may constitute an injury that is traceable to the Commission's conduct, Munn has not alleged that the injury is likely to be redressed by a favorable decision. The complaint asks the court to "redress [Appellants'] injuries" by declaring the Commission's policies illegal and issuing an injunction preventing the Commission "from any further and future perversion of its legal duties." Appellants apparently would have us take it on faith that LES, which is not a party to this action, would adjust its rates if the district court enjoined the Commission's taxes on LLRW ... Thus, it is "merely speculative" here whether a favorable decision would affect the electricity rate that Munn pays.

*Id.* at 210.

Similarly, this Court holds that the fuel supplier's increased rates in response to the Resolution is not enough, in and of

itself, to confer standing on Haile. Haile would have the Court take on faith that the fuel suppliers, who are not party to this action, would adjust their fuel prices if the Court enjoined Addison's fuel flowage tax. Because it is merely speculative as to whether a favorable decision would effect the fuel prices at Addison Airport, the Court finds that Haile lacks standing.

Plaintiff also claims he has standing because the tax affects interstate commerce. However, to bring a suit under the Commerce Clause, Haile must still meet the standing requirement articulated in *Lujan,* which he has not done. Furthermore, Plaintiff claims that he has standing to sue where a statute or law is underinclusive such that it would otherwise be shielded from a constitutional challenge. However, this is not the case here, as there still must be an injury in fact to challenge the underinclusive statute, and Haile has offered none here. For example, in *Ragland,* plaintiff had standing because he was required to pay a tax that other similarly situated businesses were exempt from paying. *Arkansas Writers' Project, Inc. v. Ragland,* 481 U.S. 221, 227, 107 S.Ct. 1722, 95 L.Ed.2d 209 (1987). In *Craig,* an alcohol vendor challenged a statute restricting alcohol consumption. The Court found that because she would face economic impact because of a restricted market if she heeded the statute, and possible sanctions if she violated the statute, she had standing to sue. *Craig v. Boren,* 429 U.S. 190, 194, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). In these and other cases cited by Haile, the Plaintiffs exhibited an injury in fact giving them standing to sue. Here, Haile has not illustrated competent summary judgement evidence for the Court to hold that he has standing to challenge the Addison Resolution.

### CONCLUSION

Accordingly, after a thorough review of the evidence, the parties' briefs, and the applicable law, for the reasons set forth above, the Court GRANTS Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**