**SOVERAIN SOFTWARE LLC, Plaintiff**

v.

**AMAZON.COM, INC. Defendant**

No. 6:04–CV–14.

United States District Court, E.D. Texas, Tyler Division.

Aug. 8, 2005.

Barry R Satine, Jones Day—New York, New York, NY, Carl R Roth, The Roth Law Firm, P.C., Marshall, Kenneth Robert Adamo, Jones Day, Dallas, Michael Charles Smith, The Roth Law Firm, Marshall, Georgia Yanchar, Jones Day—New York, Jennifer Seraphine, Jones Day—New York, Kenneth L Stein, Jones Day—New York, Leo Merken, Jones Day—New York, Ognjan V Shentov, Jones Day—New York, Richard H An, Jones Day—New York, Thomas L Giannetti, Jones Day—New York, New York, NY, William J Brown, Jones Day—Irvine, Irvine, CA, for Soverain Software LLC, Plaintiff.

J. Christopher Carraway, James E. Geringer, Richard D. McLeod, Klarquist Sparkman, LLP, Portland, OR, Brooke Ashley–May Taylor, Susman Godfrey, LLP—Seattle, David A Zapolsky, Amazon.Com, Inc., Seattle, WA, Max Lalon Tribble, Jr, Susman Godfrey LLP, Houston, TX, Parker C Folse, III, Susman Godfrey, LLP—Seattle, Seattle, WA, Richard David McLeod, Klarquist Sparkman, Portland, OR, Deborah J Race, Ireland Carroll & Kelley, Tyler, J Christopher Carraway, Klarquist Sparkman Campbell, Portland, OR, Jack Wesley Hill, Ireland Carroll & Kelley, PC, Tyler, James E Geringer, Klarquist Sparkman Campbell, John D Vandenberg, Klarquist Sparkman Campbell, Portland, OR, Justin Adatto Nelson, Susman Godfrey, LLP—Seattle, Seattle, WA, Otis W Carroll, Jr, Ireland Carroll & Kelley, PC, Tyler, TX, Rita Mankovich Irani, Susman Godfrey—Houston, Houston, TX, for Amazon.com, Defendant.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Before the Court is Amazon's motion for partial summary judgment on marking (Docket No. 263). Having considered the parties' written arguments, the Court **DENIES** the motion in part and **GRANTS** the motion in part.

## BACKGROUND

In this case, Soverain Software LLC alleges that Amazon.com, Inc. infringes three patents Soverain acquired from Open Market, Inc. United States Patent No. 5,708,780 (the " '780 patent"), issued in 1998, relates to methods for controlling and monitoring access to network servers through the use of a session identifier. This session identifier allows web servers to recognize and service multiple requests from the same client and control access to the server without repeated authentication. United States Patent No. 5,909,492 (the " '492 patent"), issued in 1999, is a continuation of United States Patent No. 5,715,314 (the " '314 patent"), which issued in 1998. These patents describe a network-based sales system that includes a buyer computer, a merchant computer, a payment computer, and a virtual shopping cart. These patents allow for item selection and payment to be processed over a network.

Amazon has moved for partial summary judgment claiming that it did not have

notice of its alleged infringement until suit was filed because Soverain failed to give Amazon actual notice and constructive notice through marking. According to Amazon, Soverain and its predecessors have failed to ensure that their licensees comply with the marking statute.

## APPLICABLE LAW

### Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id.; Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.1994). The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

### Marking Requirement

Patentees must comply with the marking statute in order to recover damages for infringement. The statute provides in relevant part:

Patentees ... making, offering for sale, or selling ... any patented article ... may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). Generally, under the marking statute, a party "is entitled to damages from the time when it either began marking its products in compliance

with section 287(a) or when it actually notified [the infringer] of its infringement, whichever is earlier." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed.Cir.1993).

 The marking statute does not apply to method claims because ordinarily there is nothing to mark. *Id.* at 1538. When a patent contains both method and apparatus claims, a patentee is required to mark "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given." *Id.*

 A patentee gives actual notice to an alleged infringer when the patentee affirmatively communicates to the alleged infringer a specific charge of infringement by a specific accused product or device. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed.Cir.2001). The requirement of a specific charge of infringement does not mean the patentee must threaten suit. The patentee may make a proposal to abate the infringement, whether by license or otherwise. *Id.* The notice must be of the alleged infringement, not merely notice of the patent's ownership or existence. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed.Cir.1994). It does not matter whether a defendant knew of the patent or knew of his own infringement because the notice inquiry focuses on the patentee's actions, not the defendant's knowledge or understanding. *Id.*

 The patentee bears the burden of proving compliance with the marking statute by a preponderance of the evidence. *Nike, Inc. v. Wal–Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed.Cir.1998). Compliance with the marking statute is a question of fact. *Gart*, 254 F.3d at 1339. Conse-quently, the marking issue "is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and their infringement of it." *Id.*

## CONSTRUCTIVE NOTICE

### *Software Sold*

Amazon argues that Soverain did not ensure that its licensees complied with the marking statute. Soverain claims there are three potential sellers of the software product: Soverain and two licensees—Raptor and Intershop. Soverain provided the deposition testimony of its 30(b)(6) witness who stated that Soverain did mark its "Transact" software product by including all three patent numbers in the software code and accompanying documentation.

Although Soverain attempts to shift the burden of proof to Amazon, Soverain bears the burden of proving that Raptor and Intershop complied with the marking statute. *See Nike*, 138 F.3d at 1446. Soverain claims that Amazon has not come forward with proof that Raptor and Intershop sold the products at issue,[1] but Amazon does offer the relevant licensing agreements between Raptor and Intershop and Open Market. In response to Amazon's motion, Soverain has failed to bring forth any evidence that Raptor and Intershop complied with the statute by marking any products they offered for sale or by not selling any products at all. Accordingly, Soverain has failed to raise a material fact issue as to whether Raptor and Intershop marked their products.

---

1. Specifically as to Raptor, Amazon has submitted two Internet articles, one which predates the patents, describing that Raptor acquired and wanted to sell the software. As to Intershop, Amazon submitted screen shots from Intershop's website that include customer testimonials regarding the product. Soverain claims this evidence is inadmissible hearsay.

*Licensees' Websites*

Amazon contends that Soverain's thirty-two licensees that operate websites did not include a mark on those websites and thus failed to comply with the marking statute. Soverain argues that a website is an intangible object for which marking is not required.

When dealing with a patent that includes method and apparatus claims, a tangible item that can be marked is required to be marked in order to comply with the marking statute. *Am. Med. Sys.,* 6 F.3d at 1538 (requiring a patentee to mark "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given"). Standing alone, method patents may not require marking because often there is nothing that can be marked. Here, however, Amazon has produced evidence that a website can be marked by submitting screen shots of websites that include patent notices. Amazon also submits evidence that Open Market did require one of its licensees to the '780 patent include a patent mark identifying the patent in its website's legal notices section.

All of the patents-in-suit contain both method and apparatus claims. The '780 patent claims 1, 4, 5; '314 patent claim 39; and '492 patent claims 5, 16, 18 are method claims, and the '780 patent claims 32, 40; '314 patent claim 34; '492 patent claims 1, 15, 17 are apparatus claims. Soverain relies on *Bandag, Inc. v. Gerrard Tire Co.,* 704 F.2d 1578 (Fed.Cir.1983), which held that the marking requirement was inapplicable to a patent directed to a process or method. In that case, the infringer used the patented method to retread tires. *Id.* Soverain claims that, like the patentee in *Bandag* who was not required to mark the tires it retread using the patented method, Soverain should not be required to mark its licensees' websites. This rationale overlooks an important distinction—the patent in *Bandag* was a method patent whereas the patents here include both method and apparatus claims—and therefore Soverain is required to mark "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given." *Am. Med. Sys., Inc.,* 6 F.3d at 1538.

 Soverain argues that a website is an intangible object that cannot be marked. Thus, Soverain wants an item's status as tangible or intangible defined apart from whether it can be marked. This position contradicts the purposes of the marking requirement—avoiding innocent infringement, encouraging patentees to give notice to the public that the item is patented, and aiding the public in identifying patented articles. *See Nike,* 138 F.3d at 1443. The marking statute does not apply to method patents because often there is nothing that can be marked. *Am. Med. Sys., Inc.,* 6 F.3d at 1538. When a patent includes both method and apparatus claims, if there is an item that can be marked, a party must mark it to give constructive notice. *Id.* Therefore, the Court does not divorce an item's status as tangible or intangible from its ability to be marked, but rather defines "tangible item[s]," as used in *American Medical Systems,* as those items that can be marked and intangible items as those that cannot be marked.

 Soverain does not dispute that websites can be marked or that it could require its licensees to mark their websites as its predecessor-in-interest, Open Market, required. Soverain has come forward with no evidence that its licensees marked their websites. Thus, Soverain has not raised a fact issue that defeats summary judgment on this issue.

## ACTUAL NOTICE

Soverain argues that Amazon received actual notice from Soverain's predecessor-in-interest, Open Market during meetings between Open Market and Amazon regarding the patents. Soverain claims that Amazon admits this in its Ninth Affirmative Defense and in Amazon's response to Soverain's Interrogatory No. 12. In its Ninth Affirmative Defense, Amazon states:

In face-to-face meetings in 1998, Plaintiff's predecessor-in-interest Open Market, Inc. led Amazon.com to believe Open Market, Inc. would not assert one or more of the claims for infringement now asserted in the Complaint. Amazon.com relied on those assurances to its detriment. Thus, Plaintiff's claims against Amazon.com are barred by the doctrines of acquiescence and equitable estoppel.

Amazon similarly answered Interrogatory No. 12:

In 1997 and 1998, several representatives of Open Market, including Gary Eichorn, Jeff Bussgang, Graham Welland, Nicholas Talbott, Bob Weinberger, and Markus Stamm, met with representatives of Amazon.com, including Joel Spiegel, in an effort to sell its software to Amazon.com. However, Open Market representatives acknowledged at one or more of the meetings that their software could not scale to a size needed by Amazon.com. The first meeting occurred in October 1997. A second meeting occurred in Spring 1998, after the '314 and '780 Patents had issued. At one of the meetings, one or more of the representatives of Open Market told Joel Spiegel that Open Market would not assert infringement of its "shopping cart" patent against Amazon.com.

Furthermore, in interviews and company press releases, Open Market representatives indicated that Open Market would not sue or threaten companies that violated its patents. These representatives also told the public that the '780 Patent was not directed to systems that used "session identifiers" in cookies. It was known inside Open Market that the company was not planning on litigating patent infringement cases involving the patents.

Amazon.com relied on Open Market's assurances and suffered prejudice as a result, including the prejudice described in the response to Interrogatory No. 11 above.

Furthermore, Soverain is bound by the actions of its predecessors-in-interest in the patents.

Amazon argues that these statements do not satisfy the actual notice requirements.

■ While Amazon's Ninth Affirmative Defense and response to Interrogatory No. 12 recognize that Amazon and Open Market met to discuss Amazon purchasing the software, they do not include any reference to a specific charge of infringement made by Open Market. *See Gart*, 254 F.3d at 1345 (requiring the patentee affirmatively communicate to the alleged infringer a specific charge of infringement by a specific accused product or device). The actual notice requirement is satisfied when "the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed.Cir.1997). Here, Amazon admits to receiving a proposal to license, but Soverain has presented no evidence that Open Market accused Amazon of infringing these patents or identified Amazon's technology that allegedly infringed.

Soverain claims that it was unable to discover information regarding the meetings because Amazon has claimed privilege

as to these meetings. This assertion falls short of explaining Soverain's failure to prevent evidence as to the meetings' content. Soverain noticed the deposition of Joel Spiegel, Amazon's representative at the meetings and now former employee, but cancelled the deposition. Soverain offers no explanation for this cancellation or its failure to depose Open Market's representatives to the meetings. Even assuming Amazon did claim privilege to the meetings,[2] Soverain had other avenues of obtaining its desired information.

Soverain has failed to offer any evidence that raises a material fact question as to whether Amazon was on actual notice of its alleged infringement. Soverain has shown that Amazon and Open Market met to discuss a possible licensing agreement. Without more, a meeting regarding a licensing agreement does not raise an issue as to whether a patentee gave actual notice of alleged infringement. Soverain has not alleged any facts that might show this was anything more than a licensing meeting. Accordingly, Soverain has not raised a material fact issue that defeats summary judgment as to actual notice.

### CONCLUSION

Soverain has presented evidence that raises a fact issue as to whether it personally complied with the marking statute by marking its Transact software, but has not come forward with any evidence of its licensees' compliance or that Amazon had actual notice of its alleged infringement. Accordingly, Amazon's motion is **DENIED** as to Soverain's personal compliance and **GRANTED** in all other respects.

---

2. Amazon claims it did not answer Soverain's questions regarding the meetings because no current Amazon employee has personal knowledge of the meeting.