United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-60444
Summary Calendar

BETTIE THOMAS; LARRY BOLES; WILLIAM C. GARY; ANNIE EPPS; OLIVER MORRIS; ANNIE L. PHILLIPS; THOMAS POINDEXTER; BASH WALKER, JR.,

Plaintiffs-Appellants,

versus

STAPLE COTTON DISCOUNT CORP.; STAPLE COTTON COOPER,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
(4:02-CV-224)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Bettie Thomas, Larry Boles, William C. Gary, Annie Epps, Oliver Morris, Annie L. Phillips, Thomas Poindexter, and Bash Walker, Jr., contest the summary judgment awarded Staple Cotton Discount Corp. and Staple Cotton Cooper (together, Staple Cotton). Plaintiffs claimed failure to promote, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1981.  Thomas also raised a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 1211.

When summary judgment was granted, all Plaintiffs, other than Thomas, were Staple Cotton employees.  Thomas is permanently disabled.

A summary judgment under Federal Rule of Civil Procedure 56 is reviewed *de novo*.  *E.g.*, **Baton *Rouge* Oil & Chem. Workers Union v. ExxonMobil Corp.**, 289 F.3d 373, 376 (5th Cir. 2002).  Such judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law".  FED. R. CIV. P. 56(c).  All evidence must be construed in the light most favorable to the non-movant.  *E.g.*, **Kee v. City of Rowlett**, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001).  If a plaintiff fails to prove an essential element of his claim, summary judgment must be granted.  **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986).  A party opposing summary judgment may not rest on the pleadings, but rather must provide specific facts showing the existence of a genuine issue for trial.  *E.g.*, **Ragas v. Tenn. Gas Pipeline Co.**, 136 F.3d 455, 458 (5th Cir. 1998). (Thomas waived her ADA claim by failing to brief it on appeal.  *E.g.*, **Adams v. Unione Mediterranea di Sicurta**, 364 F.3d 646, 653 (5th Cir.), *cert. denied*, 543 U.S. 979 (2004).)

2

Title VII and § 1981 require the same proof. **Shackelford v. DeLoitte & Touche, LLP**, 190 F.3d 398, 403-04 n.2 (5th Cir. 1999). To avoid summary judgment, a plaintiff must "establish, by a preponderance of the evidence, a prima facie case of discrimination". **Celestine v. Petroleos de Venez. SA**, 266 F.3d 343, 354 (5th Cir. 2001). A plaintiff asserting racial discrimination for failure to promote establishes a prima facie case by satisfying the following conditions: "(1) [he] is a member of the protected class; (2) he sought and was qualified for the position; (3) he was rejected for the position; (4) the employer continued to seek applicants with the plaintiff's qualifications". **Id**. at 354-55.

If a prima facie case is established, "the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions". **Id**. at 355. The burden then shifts back to the plaintiff to prove the defendant's stated nondiscriminatory reason was pretextual. **Id**.

The district court held Plaintiffs failed to show a genuine issue of material fact on their race discrimination claims. Essentially for the reasons stated in the district court opinion, Staple Cotton is entitled to judgment as a matter of law.

**AFFIRMED**

3