**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-30175
Summary Calendar

GENE RAGAS, husband of/and LUCINDA RAGAS; JONATHAN RAGAS,
husband of/and DEONA RAGAS; GEORGE RAGAS,

Plaintiffs-Appellants,

VERSUS

TENNESSEE GAS PIPELINE COMPANY, ET AL.,

Defendants,

KOCH GATEWAY PIPELINE COMPANY, formerly know as United Gas
Pipeline Company,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

March 13, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PARKER, Circuit Judge:

Gene, Lucinda, Jonathan, Deona, and George Ragas (hereinafter
"Ragas") appeal from the district court's order granting Koch
Gateway Pipeline Company (hereinafter "Koch") summary judgment and
the district court's order denying Ragas' motion to remand.
Finding no error, we affirm.

I.  Motion to Remand

Ragas filed this action in state court on August 19, 1994,

seeking damages for personal injuries allegedly sustained when a boat carrying two of the plaintiffs through a canal struck an unmarked piling owned by the defendant, Tennessee Gas Pipeline Company(hereinafter "Tenneco"). The defendants timely removed on September 8, 1994, on the basis of diversity and admiralty jurisdiction. The Ragas plaintiffs filed a motion to remand on October 21, 1994, claiming that diversity of citizenship did not exist because Tenneco's principle place of business is in Louisiana and claiming that they were planning to amend their complaint to add another defendant who would defeat complete diversity. The district court denied Ragas' motion to remand on the ground that the motion was untimely pursuant to 28 U.S.C. § 1447(c). The district court further held that assuming that diversity was lacking, the plaintiffs' claims lie in admiralty and would invest the court with federal question jurisdiction.

After removal, a motion to remand "on the basis of any defect *other than lack of subject matter jurisdiction*" must be filed within 30 days in order to be timely. 28 U.S.C. § 1447(c)(emphasis added). Although, Ragas filed the motion to remand more than 30 days after the notice of removal was filed, the district court was incorrect in finding that the motion to remand was untimely. Ragas' remand motion was based upon a purported lack of diversity jurisdiction. Because Ragas' challenge was to the subject matter jurisdiction of this court, the motion to remand need not have been made within 30 days.

This does not end our inquiry, however, because the

2

defendants' notice of removal listed an alternative, albeit erroneous, ground for removal jurisdiction -- federal question via admiralty law. *See Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987) (en banc) (holding that although Jones Act case was improperly removed under 28 U.S.C. § 1445(a), such defect in removal can be waived if motion to remand is not timely filed). Ragas never challenged removal on the basis of admiralty jurisdiction. Once a procedural defect in the removal process has been waived, the only question for the district court is whether it "would have had jurisdiction of the case had it been filed in that court." *Id.* at 117. In this case the district court correctly determined that it would have had original federal question jurisdiction under admiralty law. *In re Digicon Marine, Inc.*, 966 F.2d 158 (5th Cir. 1992).

Although not cited by either party, our decision in *Williams v. AC Spark Plugs Division of General Motors Corp.*, 985 F.2d 783 (5th Cir. 1993) speaks directly to the issue before the court today and provides the governing rule:

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection. Only in the case of a lack of subject matter jurisdiction--such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal--may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days.

*Id.* at 787.

3

We conclude that the district court had subject matter jurisdiction.

II.   Summary Judgment

A party is entitled to summary judgment if it can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted.  *Id*. at 321-25.  A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986).  Summary judgment is not a "disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed `to secure the just, speedy and inexpensive determination of every action.'"  *Celotex*, 477 U.S. at 327.  When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)); *Hansen v. Continental Insur. Co.*, 940 F.2d 971, 975 (5th Cir. 1991).

Needless to say, unsubstantiated assertions are not competent

4

summary judgment evidence.  *Celotex*, 477 U.S. at 324.  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.  *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 115 S. Ct. 195 (1994).  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 113 S. Ct. 98 (1992).

Ragas argues on appeal that the district court erroneously granted summary judgment to all the defendants in the case.  Ragas spends less than two pages of the Appellants' Brief making this argument and focuses most of the attention upon the summary judgment with respect to defendant Tenneco.  However, Ragas' notice of appeal only appears to list defendant Koch as an appellee.  With respect to Koch, Ragas devotes one sentence of the brief to argue that summary judgment was improvidently granted.[1]  Ragas' argument fails to persuade.  Accordingly, the court finds that the district court did not err in granting Koch summary judgment.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1]Appellants' brief states:  "Furthermore, United's successor Koch Gateway admitted its pipeline runs between the pilings identified by plaintiffs."  Appellants' Brief, p.10.