**Devona DYSART, Individually and as Next Friend of Daibreon Dysart, a Minor, Plaintiff,**

v.

**Richard SELVAGGI, M.D., Defendant.**

**No. CIV. A. 399CV0469–L.**

United States District Court, N.D. Texas, Dallas Division.

March 30, 2001.

John P. Polewski, Steven B. Loomis, Polewski & Loomis, DeSoto, TX, for Plaintiff.

Kelly N. Lovitt, Stinnett Thiebaud & Remington, Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court are Defendant's Motion for Summary Judgment, filed August 28, 2000, and Motion for Leave to File First Amended Original Answer, filed October 2, 2000. Plaintiff opposes the motion for leave to amend. Fed.R.Civ.P. 15(a) provides that, other than in circumstances

which do not apply here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although this rule

> evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir.1998). The court notes that Plaintiff amended her complaint on April 23, 1999 to include Defendant, who filed his answer on May 28, 1999. Despite two previous scheduling orders which established deadlines for filing motions for leave to amend pleadings,[1] Defendant did not do so until sixteen months after his original answer was filed. He has not articulated any reason for this delay beyond his wish "to include additional affirmative defenses that have recently become apparent." The affirmative defenses in question are statute of limitations, statutory limitation of liability for health care providers, failure by Plaintiff to mitigate damages, and contributory negligence. The court sees no reason that these affirmative defenses could not have been identified far earlier than Defendant has done.

Although this arguably constitutes undue delay, the court also notes that Plaintiff was on notice of the proposed affirmative defenses before the close of discovery. Moreover, Plaintiff has not established or demonstrated how she would be unduly prejudiced by allowing Defendant to amend. There is also no indication that the proposed amendment would be futile, or that it results from Defendant's bad faith. The court does not bless or approve of Defendant's delay in seeking to amend, but under the totality of the circumstances and considering that the motion was filed within the deadline established by the court's Amended Scheduling Order, the court concludes that granting leave to amend would serve the interests of justice. The court therefore grants Defendant's motion. The clerk is directed to file Defendant's First Amended Original Answer.

Defendant also moves for summary judgment. Plaintiff inexplicably filed no response to this motion.[2] After careful consideration of the motion, brief, and applicable case law, the court grants the Motion for Summary Judgment. The court notes, however, that Defendant's motion was effectively only for partial summary judgment, since it did not address all of Plaintiff's claims.

## I. *Factual and Procedural Background*

Because of the limited nature of the grounds for summary judgment asserted by Defendant, an abbreviated version of

---

1. The court's Initial Scheduling Order of January 12, 2000 gave the parties until January 31, 2000 to file motions for leave to amend pleadings. The court's Modification of Scheduling Order of August 10, 2000 extended the deadline to September 29, 2000. The court's Amended Scheduling Order of October 2, 2000 gave the parties until January 2, 2001. The specification of these deadlines, of course, did not constitute automatic approval of any motion for leave to amend filed by the deadline.

2. Plaintiff may have declined to respond to the motion for summary judgment because she concluded it was correct. When parties do not wish to contest a motion by their opponents, they should advise their opponent and the court promptly.

the facts is sufficient. Devona Dysart ("Dysart") sought treatment for her minor child, Daibreon, at the Commerce Emergency Room of the Presbyterian Hospital of Commerce–Greenville ("the Hospital") for an emergency condition, first on September 9, 1996 and again on September 15, 1996. On the first visit, he was seen and evaluated by William Perry ("Perry"), a physician assistant. Physician assistants are licensed by the state, and must be continuously supervised by one or more "supervising physicians." Tex. Occ.Code Ann. § 204.204 (Vernon 2001 Pamphlet). At the time, Dr. Richard Selvaggi ("Selvaggi") was Perry's supervising physician. On the second visit, Daibreon was seen and evaluated by Dr. Phoebus Koutras ("Koutras"). Koutras and Perry allegedly failed to properly diagnose and treat Daibreon for bacterial meningitis. As a result of the alleged inadequate screening, evaluation, and treatment, Daibreon is now blind, deaf, and profoundly mentally retarded.

Dysart filed suit against Koutras, Perry, and the Hospital on November 30, 1998, asserting causes of action for negligence and for violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd (West 2000). On April 23, 1999, the court granted Dysart leave to file an amended complaint, to add Selvaggi as a party. Selvaggi was not directly involved in the evaluation of Daibreon; his alleged liability is derivative of Perry's, subject to Tex. Occ.Code Ann. § 204.207(a).[3] Dysart settled with Perry and the Hospital on June 4, 1999 and with Koutras on September 15, 1999. The sole remaining Defendant is Selvaggi.

## II. *Summary Judgment Standard*

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Ragas*, 136 F.3d at 458.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evi-

---

**3.** "Each supervising physician retains legal responsibility for a physician assistant's patient care activities, including the provision of care and treatment to a patient in a health care facility." Before the Texas Occupations Code was instituted in 1999, this provision was in Tex.Rev.Civ. Stat. Ann. art. 4495b–1, § 17.

dence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id., see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

### III. *Analysis*

Selvaggi asserts two grounds for summary judgment that relate to liability for violations of EMTALA. First, he argues that EMTALA does not create a private right of action against physicians. Second, he argues that Dysart failed to file suit prior to the expiration of the statute of limitations for an EMTALA claim. As noted above, Dysart does not assert that Selvaggi is *directly* liable for violating EMTALA; she relies on Selvaggi's derivative liability pursuant to Tex. Occ.Code Ann. § 204.207 as Kelly's supervising physician.

In addition to civil penalties, EMTALA provides a private cause of action for those injured as a result of violations of EMTALA.

> Any individual who suffers personal harm as a direct result of a *participating hospital's* violation of a requirement of this section may, in a civil action against the *participating hospital,* obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(2)(A) (emphasis added). By its terms, the private cause of action is not available against physicians or physician assistants. The Fifth Circuit has not directly addressed the scope of the private cause of action, but other circuits have uniformly concluded that a private cause of action under EMTALA is only available against hospitals, not against individuals. *Eberhardt v. City of Los Angeles,* 62 F.3d 1253, 1256–57 (9th Cir.1995); *King v. Ahrens,* 16 F.3d 265, 271 (8th Cir.1994); *Delaney v. Cade,* 986 F.2d 387, 393–94 (10th Cir.1993); *Baber v. Hospital Corp. of America,* 977 F.2d 872, 877–78 (4th Cir.1992); *Gatewood v. Washington Healthcare Corp.,* 933 F.2d 1037, 1040 n. 1 (D.C.Cir.1991) (dicta). The court finds the reasoning of these other circuits persuasive and hereby adopts it, predicting that the Fifth Circuit, if faced with the question, would come to the same conclusion. Accordingly, there is no genuine issue of material fact with respect to any EMTALA-based claim against Selvaggi, and Selvaggi is entitled to judgment as a matter of law with respect to such claim. Because of the court's ruling, it need not address Selvaggi's statute of limitations argument. The court notes that, although this disposes of the EMTALA-based claim, it does not dispose of the entire lawsuit. Dysart asserts a negligence cause of action as well.

## IV. *Conclusion*

For the above-stated reasons, there is no genuine issue of material fact with respect to Dysart's claim against Selvaggi for a violation of EMTALA, and Selvaggi is entitled to judgment as a matter of law as to that claim. Selvaggi's Motion for Summary Judgment is therefore **granted.** Dysart's EMTALA-based claim against Selvaggi is hereby **dismissed with prejudice.** The sole claim remaining for trial is a claim of negligence, for which Dysart asserts that Selvaggi is vicariously liable pursuant to Tex. Occ.Code Ann. § 204.207(a).