United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-50400
Summary Calendar

DARRYL YOUNG

Plaintiff-Appellant,

versus

7-ELEVEN, INC.,

Defendant-Appellee.

**Appeal from the United States District Court
for the Western District of Texas
(1:04-CV-434)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Darryl Young appeals, *pro se*, the summary judgment awarded 7-Eleven, Inc. Young claimed 7-Eleven, his former employer, violated (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and (2) 42 U.S.C. § 1981, by terminating him based on his race.

Young began working at 7-Eleven in July 2002 as a sales associate; he became a store manager on 1 June 2003 and held that position until he was fired, after the company concluded he filled out false accounting forms and failed to timely report a cash

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shortage of over $2,100 at his store (Young was *not* fired for taking the money).

After being fired, Young filed this action on 8 July 2004. Young and 7-Eleven filed cross-motions for summary judgment. 7-Eleven's motion was granted. Young moved for a new trial. The district court treated the motion as a Rule 59(e) motion, denying it on 21 April 2005.

A summary judgment is reviewed *de novo* under Federal Rule of Civil Procedure 56, using the same standard as the district court. *See, e.g.*, **Baton *Rouge* Oil & Chem. Workers Union v. ExxonMobil Corp.**, 289 F.3d 373, 376 (5th Cir. 2002). Such judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). Evidence is construed in the light most favorable to the non-movant. *E.g.*, **Kee v. City of Rowlett**, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001). If a plaintiff fails to prove an essential element of his claim, summary judgment must be granted. *E.g.*, **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986). The non-movant may not rest on the pleadings, but rather must provide specific facts showing the existence of a genuine issue for trial. *E.g.*, **Ragas v. Tenn. Gas Pipeline Co.**,

2

136 F.3d 455, 458 (5th Cir. 1998). Young fails to demonstrate a genuine issue of material fact.

The proof required to establish violations of Title VII and § 1981 is identical; therefore, we will analyze both claims together. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999). In the absence of direct evidence of discrimination, Young has to first establish a prima facie case of discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). To do so, Young has to show he: "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, [] that *others similarly situated* were treated more favorably". *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotation omitted). If a prima facie case is established, 7-Eleven must demonstrate legitimate, non-discriminatory reasons for the termination. *Shackelford*, 190 F.3d at 404. If so, the burden returns to Young to prove 7-Eleven's stated reasons are pretext for racial discrimination. *Id*. As the district court held, Young failed to establish a prima facie case of discrimination.

First, he offered no evidence of the race of the person who replaced him. Second, he offered no evidence supporting his claim that he was blamed for the cash shortage simply because he was the

3

only black manager with access to the money; 7-Eleven demonstrates that multiple employees believed Young improperly accounted for the missing money. Young's final claim is that, unlike other managers who faced cash shortages, he did not get the benefit of a progressive discipline plan. Even if Young could show those employees engaged in similar violations, he offers *no* proof of their race. Therefore, those alleged differences in treatment do *not* establish a prima facie case. Accordingly, Young offers no evidence demonstrating that his race had anything to do with his termination. Because he fails to establish a prima facie case of racial discrimination, we need not proceed in the burden shifting analysis.

7-Eleven requests attorneys' fees concerning this appeal, but does not make a specific request as to the amount. Young does not reply. Pursuant to 42 U.S.C. § 2000e-5(k), we have discretion to award fees. The district court awarded 7-Eleven such fees for proceedings in that court. Likewise, attorneys' fees are awarded 7-Eleven for this appeal and the matter is remanded to the district court to assess the proper amount. *See Arenson v. Southern Univ. Law Ctr.,* 53 F.3d 80 (5th Cir. 1995).

*JUDGMENT AFFIRMED; REMANDED TO ASSESS ATTORNEY'S FEES*

4