United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-30653

MISTY E. MARTIN,

Plaintiff-Appellant,

versus

CITY OF ALEXANDRIA; ERNEST GLEASON, individually and in his
official capacity as a City of Alexandria Police Officer; CRAIG
MICKEL, individually and in his official capacity as a City of
Alexandria Police Officer,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(1:04-CV-2011)

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Misty E. Martin challenges, *pro se*, the summary judgment
awarded the City of Alexandria and Officer Gleason concerning
Martin's arrest by Officers Gleason and Mickel, members of the
City's police department. **AFFIRMED.**

I.

On 16 September 2003, Officers Gleason and Mickel were
dispatched to 5539 Downing Street (the Leisure Villa Apartments),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Alexandria, Louisiana, to investigate a vehicle accident. Upon arriving, the Officers spoke with Greg Wright, the owner of the Leisure Villa Apartments, who showed them a damaged wall between his apartments and the Raintree Condominiums where Martin lived (June Johnson was her landlord).

The Officers spoke with Martin and learned she owned the vehicle in question. The day before, Martin had twice crashed her vehicle in the vicinity of the wall: first, she hit the wall when her brakes failed; immediately after that, she hit a fence when she drove forward and her brakes failed again. Martin told the Officers "she had 'reported the accident to her landlord [,Johnson,] who informed [Martin] that the fence was [her landlord's] and told her to wait until [the landlord] got home before she did anything else'".

After Martin explained her version of the incidents, the Officers gave her accident reports to complete. Martin refused to do so before speaking with either an attorney or her father. She was subsequently arrested and charged with simple criminal damage to property. The Officers also had her vehicle towed after determining it was unsafe and that the temporary tags had been altered. Martin, then five months pregnant, claims she injured her ankle due to the Officers' unnecessarily rough handling of her during the arrest.

In September 2004, Martin filed this *pro se* action in Louisiana state court. She raised the following claims against Officers Gleason and Mickel: pursuant to 42 U.S.C. § 1983, false arrest and violations of the Fourth and Fourteenth Amendments; pursuant to Louisiana Civil Code Article 2315, assault, battery, terrorizing, intimidation, libel, and slander; and pursuant to Louisiana law, negligence. Martin claimed the City was liable for, *inter alia*, failure to properly train and supervise its Officers; and under the theory of respondeat superior.

This action was removed to federal court, based on federal-question jurisdiction. In March 2005, Defendants moved for summary judgment, contending: Martin's claims lacked merit; and the Officers were entitled to qualified immunity. Affidavits from Officers Gleason and Mickel supported the motion. Defendants also moved for attorneys' fees; the district court stayed that motion pending appeal.

Summary judgment was granted at a 10 May 2005 hearing; final judgment was entered on 1 June 2005 in favor of the City and Officer Gleason. Although the summary judgment did not include Officer Mickel, the remaining named defendant, the action was dismissed on 2 June 2005, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3W, for failure "to serve [that Officer] within 120 days of filing the complaint".

II.

Martin appeals only the summary judgment.  It is reviewed *de novo*, applying the same standard as the district court.  *E.g.*, **Wyatt v. Hunt Plywood Co.**, 297 F.3d 405, 408 (5th Cir. 2002), *cert. denied*, 537 U.S. 1188 (2003).  Such judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law".  FED. R. CIV. P. 56(c).  All evidence is construed in the light most favorable to the non-movant.  *E.g.*, **Kee v. City of Rowlett**, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001).  A party opposing summary judgment must provide specific facts showing the existence of a genuine issue for trial; it may not rest on the pleadings. *E.g.*, **Ragas v. Tenn. Gas Pipeline Co.**, 136 F.3d 455, 458 (5th Cir. 1998).

Martin claims the district court erred by:  (1) concluding her Fourteenth Amendment rights to due process and equal protection were not violated by impounding her vehicle, depriving her of her property, as alleged in her complaint; (2) denying her motion to allow her to have her paralegal "assistant at the table with her" during the summary-judgment hearing; (3) granting the motion to strike portions of her landlord's affidavit; (4) finding *probable cause existed* for her arrest; (5) granting summary judgment despite the Officers' lack of credibility; and (6) granting the Officers qualified immunity.

4

Contrary to her contention on appeal, Martin's complaint did not make a Fourteenth Amendment, or any other, claim regarding her vehicle. Therefore, she has waived this claim, and we will not address it. *E.g.*, *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Nor does Martin raise any claims against the City or regarding the dismissal for failure to serve Officer Mickel.

Martin presents only her false arrest claim (including whether probable cause existed for the arrest). She fails to brief any other substantive claims, other than asserting, in one brief paragraph on page 29 of her brief, that summary judgment is generally inappropriate for negligence claims. Therefore, she has waived all claims other than false arrest, concerning only Officer Gleason. *E.g.*, *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

A.

Martin claims the district court erred by denying her request to allow her father, a non-lawyer, to assist her during oral argument on the summary-judgment motion. Because her father is not a licensed lawyer, the district court properly declined to allow him to appear with Martin during the hearing. *See* *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause". (emphasis in original)).

5

B.

Martin contends the district court erred by striking portions of her landlord's affidavit, submitted in opposition to summary judgment. We review such evidentiary rulings for abuse of discretion. *St. Romain v. Indus. Fabrication & Repair Serv., Inc.*, 203 F.3d 376, 381 (5th Cir.), *cert. denied*, 531 U.S. 816 (2000).

In her affidavit, Johnson, Martin's landlord at the time of the accident, recounts her version of the events surrounding the vehicle crash. According to the affidavit, Martin called to tell Johnson she crashed into a brick wall, which Johnson refers to as "my brick wall"; Johnson told Martin she would take care of collecting from the insurance company, and that Martin should go to the hospital to make sure she was not injured; and, because Johnson believed she jointly owned the wall, she believed she was responsible for fixing it.

At the summary judgment hearing, the court stated it would consider "paragraph 1, the first sentence of paragraph 2, and paragraph 5. The rest, I do consider the objection valid as it being irrelevant". The subsequent judgment stated the affidavit was stricken except for the above-listed parts.

Nothing in the stricken portions of the affidavit strengthens Martin's claims. For the false arrest claim, the only one raised on appeal, at issue is whether the Officers had *probable cause* to believe Martin committed simple criminal property damage.

6

Therefore, it is irrelevant whether Martin reported the accident to Johnson and how Johnson told Martin to handle it.

Johnson's statements that she owned the wall and that Martin did not damage it without permission *may* have aided Martin's defense to the charge of simple criminal damage to property. That, however, does *not* affect whether, at the time of the arrest, the Officers had probable cause to believe Martin had committed that offense.

C.

To defeat claimed qualified immunity, the plaintiff must satisfy a two-step process. *E.g.*, **Hernandez v. Tex. Dep't of Protective & Regulatory Servs.**, 380 F.3d 872, 879 (5th Cir. 2004). First, plaintiff must state "a violation of a clearly established right" under existing law. **Id**. "If there is no constitutional violation, our inquiry ends." **Mace v. City of Palestine**, 333 F.3d 621, 623 (5th Cir. 2003). If plaintiff does so, she must next show the conduct at issue was objectively unreasonable in the light of clearly established law existing at the time of the incident. *E.g.*, **Hernandez**, 380 F.3d at 879.

Concerning the first prong for our summary-judgment qualified-immunity inquiry, Martin claims the Officers violated her Fourth — incorporated through the Fourteenth — Amendment right to be free from arrest without probable cause. The Fourth Amendment guarantees the right to be free from unlawful arrest. **Sorenson v.**

7

*Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). *Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). Accordingly, she satisfies the first prong.

For the second prong, as noted, if the Officers had probable cause to arrest, there is no Fourth Amendment violation. *Id.* Therefore, Officer Gleason would be, *inter alia*, entitled to qualified immunity. *Id.* Because the second prong concerns *objective* unreasonableness, the Officers' *subjective* reasons for making an arrest need not be identical to the objective factors creating probable cause. *See* *Devenpeck v. Alford*, 543 U.S. 146, 154 (2004). In other words, even if Martin was arrested because she refused to cooperate with the Officers, her arrest is still *not* objectively unreasonable if probable cause existed to arrest her for simple criminal damage to property.

Under Louisiana law, to prove the offense of simple criminal damage to property, the State must prove the accused damaged another's property without the owner's consent. LA. REV. STAT. ANN. § 14:56; *State v. Shaw*, 850 So. 2d 868, 875 (La. Ct. App. 2003). Simple criminal damage to property is a general-intent crime. *Shaw*, 850 So. 2d at 875.

Pursuant to our review of the summary-judgment record, probable cause existed for Martin's arrest. She admits telling the Officers she crashed into the wall; they saw the damage; and the wall's putative owner (the owner of the Leisure Villa Apartments)

8

told them he had not given consent. (At a minimum, it was reasonable for the Officers to believe the owner of those apartments owned the wall.)

Because the arrest was not objectively unreasonable, Officer Gleason is entitled to qualified immunity. Therefore, summary judgment was properly awarded him against the false-arrest claim.

III.

For the foregoing reasons, the summary judgment is

*AFFIRMED.*

9