# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11233
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2015

Lyle W. Cayce
Clerk

RAY FLOWERS,

Plaintiff - Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS Capital I, Incorporated, Trust 2006-NC4; WELLS FARGO BANK, N.A., doing business as America's Servicing Company; NEW CENTURY MORTGAGE CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-3890

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

After his home was sold at a Substitute Trustee's Sale, Ray Flowers ("Flowers") brought suit against Deutsche Bank National Trust Company, acting as Trustee for Morgan Stanley ABS Capital I, Inc., Trust 2006-NC4

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11233

("Deutsche"), Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo"), and New Century Mortgage Corporation ("New Century"). Flowers sought to quiet title and secure declaratory and injunctive relief. Flowers asserted claims of fraud, negligent misrepresentation, wrongful foreclosure, and unjust enrichment. Defendants moved for summary judgment, asserting that Deutsche was the rightful owner of the mortgage and had the authority to foreclose on the property when Flowers defaulted on his mortgage payments. Flowers curiously did not respond to Defendants' summary judgment motion, which left Defendants' facts from the summary judgment motion undisputed. The district court determined that no genuine issues of material fact existed as to Flowers' claims and granted Defendants' summary judgment motion. This court agrees. Accordingly, the summary judgment is AFFIRMED.

This court reviews summary judgment orders *de novo*. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas v.*

No. 14-11233

*Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  The failure to respond to a summary judgment motion leaves the movant's facts undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law.  *Id.*

Flowers only submitted an unverified complaint and failed to respond to Defendants' summary judgment motion, leaving Defendants' facts undisputed.[1]  According to Defendants' summary judgment motion, Flowers executed the Note, payable to New Century for $345,000 on March 15, 2006, in order to purchase the property at issue.  Flowers also executed a deed of trust to secure payment on the Note.  On June 1, 2006, New Century, Wells Fargo, Deutsche, and Morgan Stanley entered into a Pooling Service Agreement, which pooled together multiple loans into a securitized trust and conveyed those loans to the PSA Trustee, Deutsche.  On August 1, 2006, Wells Fargo became Flowers' mortgage servicer.  Morgan Stanley transferred whatever interest it might have had in Flowers' mortgage to Deutsche.  And on May 27, 2008, Wells Fargo, acting on behalf of New Century, recorded an assignment that evidenced the assignment of Flowers' note and deed of trust to Deutsche.  The undisputed fact is that Deutsche is the mortgagee based on either the 2006 pooling agreement or the 2008 assignment.  It is further undisputed that Flowers defaulted on the loan and that Wells Fargo sent

---

[1] Flowers asserts the failure to respond to the summary judgment motion was a tactical decision based on the view that genuine fact issues must exist because the district court had already rejected a Rule 12(b)(6) motion.  But Flowers conflates the differing inquiries involved with an argument that a plaintiff failed to state a claim and an argument that a movant is entitled to judgment as a matter of law.  A plaintiff may sufficiently state a claim but still lose on summary judgment.  The failure to respond to the summary judgment motion is an irresponsible mistake by Flowers and his attorney.

No. 14-11233

Flowers a Notice of Default on November 21, 2010 and that Deutsche sold the property on November 1, 2011.

Flowers' claim for wrongful foreclosure and to quiet title fails because the undisputed facts show Deutsche was entitled to enforce the terms of the mortgage. Deutsche was the PSA Trustee and had obtained ownership in the Note and deed of trust. Under Texas Property Code §§ 51.002, 51.0025, the mortgagee or mortgage servicer may foreclose upon the property. Flowers' claim to quiet title fails because Defendants were entitled to enforce the terms of the mortgage and foreclose after default. Accordingly, since the defendants had properly exercised that right, Flowers' wrongful foreclosure claim also fails.

Flowers' fraud and negligent misrepresentation claims fail because they are based on a theory that Deutsche and Wells Fargo falsely represented that Deutsche owned his mortgage. Since the undisputed facts show Deutsche owned the mortgage, defendants' representations were neither false nor fraudulent.

Flowers' unjust enrichment claim fails because a valid contract existed between Deutsche and Flowers, and Deutsche was entitled to enforce the terms of that agreement. There exists no genuine dispute of material fact regarding unjust enrichment.

Finally, Flowers' claims for a declaratory judgment and injunctive relief fail because none of Flowers' substantive claims remain. There remains neither a justiciable controversy nor grounds for relief. Defendants are therefore entitled to judgment as a matter of law on all claims.

Accordingly, the summary judgment is AFFIRMED.