# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30851
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2016

Lyle W. Cayce
Clerk

AMY SMITH,

Plaintiff - Appellant

v.

TOURO INFIRMARY; LARRY ANDERSON,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2689

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Amy Smith ("Smith") sued her employer Touro Infirmary ("Touro") and her immediate supervisor Larry Anderson ("Anderson"), alleging sex discrimination and retaliation under Title VII as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-3(a) ("Title VII") and interference and retaliation under the Family Medical Leave Act,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30851

29 U.S.C. § 2601 *et seq.* (the "FMLA"). The district court dismissed Smith's claim on summary judgment. Smith timely appealed her Title VII hostile work environment claim and her FMLA retaliation claim. After reviewing the parties' briefing, the record, and the applicable law, we find no reversible error and **AFFIRM**.

## BACKGROUND

Smith started working for Touro in 2008 as a respiratory therapist. Anderson was Smith's direct supervisor. Smith claims that Anderson sexually harassed her and created a sexually charged working environment, where sexual favors were the common currency of the workplace. According to Smith, the female respiratory therapists that participated in Anderson's sexually driven workplace economy were favored over female workers who were not part of Anderson's "harem." For instance, women who condoned Anderson's ways were exempt from showing up on time and being ready to work.

Smith alleges that male and female coworkers complained about Anderson's favoritism, but that only the women opposing Anderson's conduct were subjected to heightened scrutiny, degrading comments, and humiliation. For example, Anderson allegedly wrote up Smith for being late and displayed the disciplinary documentation on a public board. Smith adds that Anderson used a chauvinistic tone and vulgar language with her.

Smith also asserts that she was terminated while she was on FMLA leave. Smith points out that she was terminated despite abiding by Touro's leave policy, which required her to report monthly during the leave period and to provide additional medical documentation if further leave was needed.

Before suing Touro, Smith filed a discrimination charge with the Equal Employment Opportunity Commission (the "EEOC"). At the request of Smith's counsel, the EEOC issued Smith a right-to-sue letter. Smith sued Touro and

2

No. 15-30851

Anderson. The district court dismissed Smith's case on summary judgment. Smith timely appealed.

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed *de novo* on appeal. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002). Summary judgment is proper when there is no genuine issue as to any material fact. *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013). The court "may affirm summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003).

## DISCUSSION

Smith only appeals her FMLA retaliation and Title VII hostile work environment claims. Specifically, Smith asserts that the district court erred by finding that Smith did not suffer a materially adverse employment action under the FMLA or Title VII.

### A. FMLA Retaliation Claim Against Touro

The district court found that Smith failed to establish a prima facie case of FMLA retaliation. The FMLA requires a covered employer to allow an eligible employee up to twelve weeks of unpaid leave a year if the employee suffers from a serious health condition that makes the employee unable to perform the functions of her job. 29 C.F.R. § 825.200(b) (2013). The FMLA also prohibits penalizing an employee for exercising her FMLA rights. 29 C.F.R. § 825.220 (2013).

In order to establish a prima facie case of FMLA retaliation, Smith has to first demonstrate that: (1) she was protected under the FMLA, (2) she suffered an adverse employment action, and (3) she either was treated less favorably than a similarly situated employee who had not requested leave or

3

the adverse decision was made because she took FMLA leave. *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir. 2001).

The district court held that Smith failed to satisfy the third prima facie element—an adverse employment action—because she failed to show a connection between her termination and her FMLA leave. The district court found that Smith's termination occurred approximately a month after she exhausted her FMLA leave and after she failed to contact Touro or return to work.

On appeal, Smith contends that she was terminated while on FMLA leave. Smith asserts that she had five weeks of FMLA leave left when she last contacted Touro on August 25, 2014, to update her need for FMLA leave. And she argues that this was sufficient to satisfy Touro's policy of monthly reporting for employees on leave. Therefore, the next deadline to report was not until September 25, 2014. Smith, however, was terminated on September 22, 2014. Smith asserts that her termination while on leave, and while complying with Touro's leave policy, constitutes an adverse employment action.

In rebuttal, Touro first points out that Smith misstates the facts because her twelve weeks of FMLA leave ended on August 28. Touro contends that Smith took leave on May 21, and returned to work on June 25. She again went on leave on July 25. Her last approved leave was supposed to end on August 28. On August 25, Smith contacted Touro about providing medical documentation to excuse absences on August 23 and 24. After the medical documentation was provided, Touro called Smith several times at the number on file to inquire about her medical status and her plans to return to work. Smith never called back.

On August 29, Touro sent Smith a letter to the address on record, stating that her FMLA leave had been exhausted on August 28, and that if Smith was

not medically cleared to resume her job, she needed to provide by September 8, a medical statement on her current medical condition, as well as the date when she anticipated to be back at work. On September 11, Touro sent a second letter, asking Smith to respond by September 19, otherwise, Touro would proceed with a voluntary resignation. Smith never contacted Touro after August 25. Touro contends that Smith was terminated for failing to establish contact after her leave ended, or stated differently, for abandoning her job. Therefore, Touro asserts that the district court correctly found that Smith was not terminated for taking FMLA leave because there was no link between her termination and her protected activity.

Smith fails to plead a prima facie case of FMLA retaliation. Smith's only argument on appeal is that she suffered an adverse employment action because she was terminated while she was on FMLA leave. But she was not. It is puzzling to the court how Touro calculates Smith's twelve weeks of FMLA leave as ending on August 28. Just as puzzling is how Smith comes up with five weeks of leave remaining on August 25. Based on the record, Smith had about two weeks of FMLA leave left on August 25, because her previous leaves in the last twelve months amount to about ten weeks (May 21 to June 25, 2014; July 25 to August 28, 2014). Thus, Smith had about two weeks of FMLA leave left on the date she last contacted Touro.

It is unclear, however, how much leave time was approved when Smith took leave on July 25, 2014. What the record does make clear is that Touro was under the impression Smith had exhausted her FMLA leave on August 28, and by September 22, 2014 (termination date), Touro had left several phone messages for Smith asking her to contact Human Resources ("HR") to discuss her medical status and her plans to return to work.

Further, Touro sent Smith two written notices informing her that she needed to provide a medical statement if she was not cleared to return to work.

No. 15-30851

The first notice had a reply date of September 8, 2014, and the second notice had a reply date of September 19, 2014. Additionally, the second notice indicated that if Smith did not contact Touro by the reply date, Touro would proceed with a voluntary resignation. Touro did just that on September 22, approximately four weeks after Smith was first asked to contact Touro about her medical status and her intent to return to work. Smith did not respond to Touro's requests for contact and additional medical information. After abandoning her job, Smith cannot now assert that she was terminated while, and because, she was on FMLA leave.

Even if Touro was mistaken about Smith's twelve weeks being exhausted, there is no evidence that Smith remained on approved leave after August 28.[1] Moreover, if the two weeks of FMLA leave that Smith apparently had left were added to the August 28 date, her FMLA leave would have been exhausted on September 11. Smith was not terminated until September 22, well after she had been notified in writing to contact HR in regard to her leave status. In sum, Smith was not terminated while taking FMLA leave, no matter how her leave is calculated.

Finally, because Smith's FMLA leave would have ended on September 11, at the latest, she did not have until September 25, to make her next monthly contact with her employer. The documentation Smith provided on August 25, was related to excusing past absences, not extending her leave past August 28 or September 11. Because Smith's argument on appeal is based

---

[1] Antidiscrimination laws do not require an employer to make perfect decisions, only decisions that are not motivated by discriminatory animus. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007).

No. 15-30851

on misstated facts, and because we find no reversible error by the district court, we affirm.[2]

## B. Hostile Work Environment Claim

The district court dismissed Smith's claim because the evidence did not create a fact issue as to the third element of her prima facie hostile work environment claim—that the alleged harassment was based on sex. In order to establish a *prima facie* case of hostile work environment, the plaintiff must show that "1) she belongs to a protected class; 2) she was subjected to unwelcome sexual harassment; 3) the harassment was based on sex; 4) the harassment affected a term, condition or privilege of employment; and 5) the employer knew or should have known of the harassment and failed to take remedial action." *Septimus v. Univ. of Hous.*, 399 F.3d 601, 611 (5th Cir. 2005).

In order to affect a term, condition, or privilege of employment, the harassment complained of must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). To determine whether conduct is severe or pervasive, courts look to the totality of the circumstances. *Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 330 (5th Cir. 2009). Relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

---

[2] Smith also proffers a "mixed motive" argument in support of her FMLA retaliation claim. Because Smith did not establish a prima facie case, we need not address her "mixed motive" pretextual argument. Further, because Smith failed to brief any claim regarding Anderson's liability until her Reply Brief, she was waived it.

7

No. 15-30851

Touro asserts that Smith fails to establish the fourth element of her prima facie case—that the harassment affected a term or condition of her employment.    Citing to the record, Touro contends that the heightened scrutiny, degrading comments, and the humiliation that Smith complains of are not sufficiently severe or pervasive.    Smith's work week and weekend schedules never changed during her employment period; neither did her hours change.    Smith was also able to work as the therapist-in-charge of her shift.    Additionally, Smith was not denied any overtime request, promotion, or pay raises while working for Touro.    Therefore, Touro contends that the alleged hostile environment did not interfere with, or in any way affect, Smith's ability to work at Touro.

We agree that Smith failed to establish that the alleged harassment affected a term or condition of her employment.    Our review of the record confirms that during the approximately *six years* of alleged harassment, Smith's schedule and hours never changed, that she received the overtime she requested, that she kept her therapist-in-charge position during her employment, and that she was never denied a promotion or raise.    Therefore, the alleged harassment and hostile environment created by Anderson's behavior with other therapists was not the kind that interfered unreasonably with Smith's job performance or destroyed her opportunity to succeed in her job.    *See Stewart*, 586 F.3d at 331.    Tellingly, Smith fails to address this issue at all in her Reply Brief.    *See* Fed. R. Civ. P. 56(c)(1); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (a court has no duty to search the record for evidence of material issues of fact).    Accordingly, we affirm the district court's dismissal of Smith's hostile work environment claim.[3]

---

[3] Because we find that Smith failed to establish that the alleged harassment affected a term or condition of her employment, we do not reach the parties' arguments on disparate treatment based on sex.

8

No. 15-30851

### C. Attorneys' Fees

Touro and Anderson assert that Smith's appeal is frivolous and ask this court to award attorneys' fees and costs.  Touro filed a motion for attorneys' fees in the district court that has yet to be ruled upon, while Anderson seeks fees in his brief to this court.  Because the attorneys' fees issue is still pending in the district court, we defer to the trial court for both parties' requests.

## CONCLUSION

For the above stated reasons, we **AFFIRM** the judgment but decline to rule on the fees requests.

9