# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20007
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 27, 2018
Lyle W. Cayce
Clerk

BANK OF AMERICA NATIONAL ASSOCIATION, as successor by merger to LaSalle Bank National Association, as Trustee for Certificate holders of Bear Stearns Asset Backed Securities I L.L.C., Asset - Backed Certificates Series 2007- HE1,

Plaintiff - Appellee

v.

SHAUNE S. STAUFFER,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2765

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Roughly six years after Shaune Stauffer defaulted on her home mortgage, Bank of America, N.A., brought a diversity action against her to foreclose on the house. After Stauffer answered, Bank of America moved for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20007

summary judgment, claiming its entitlement to judicial foreclosure as a matter of law. Stauffer defended, asserting Bank of America's foreclosure claim was time-barred. She also asserted, among other affirmative defenses, defenses of failure to mitigate damages, estoppel, and waiver. The district court granted Bank of America's summary judgment motion and denied all of Stauffer's defenses.

Stauffer now appeals, claiming that fact issues necessitate a trial on her affirmative defenses of failure to mitigate, estoppel, and waiver. (She does not contest that Bank of America has established the necessary elements of its foreclosure claim and does not re-urge her statute of limitations defense.)

We review grants of summary judgment de novo, applying the same standard as the district court. *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011). Under Federal Rule of Civil Procedure 56, summary judgment on a defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment—here Bank of America—may discharge its burden "by pointing out that the record contains no support for the non-moving party's claim," *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002), as it so did below. This shifts the burden to the non-movant, who cannot "rest upon mere allegations" in the pleadings, but must "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

In this case, Stauffer failed to meet her Rule 56 burden before the district court. The sum total of her summary judgment briefing below on her three current defenses was a three-sentence paragraph with no citations to evidence or caselaw. Stauffer did attach an affidavit to her summary judgment motion, but she failed to "articulate" precisely how the affidavit supported her defenses.

2

No. 18-20007

*See id.* Her only claim now is that the district court should have pieced together the relevant assertions in her affidavit and considered unraised arguments that would allow her defenses to survive summary judgment. We will not impose that burden upon the district court or take it up ourselves. *See United States v. Scroggins*, 599 F.3d 433, 446-48 (5th Cir. 2010) (holding that failure to adequately brief an argument to the district court forfeits the argument). Accordingly, the judgment of the district court is AFFIRMED.