# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2021

Lyle W. Cayce
Clerk

No. 20-30733
Summary Calendar

Viola Combs,

*Plaintiff—Appellant*,

*versus*

Exxon Mobil Corporation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-459

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Viola Combs appeals the district court's summary judgment in favor of Defendant-Appellee Exxon Mobil Corporation ("Exxon"). For the following reasons, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30733

## I. Facts & Procedural History

In 1990, Combs, an African American woman, began working full-time for Exxon's Baton Rouge refinery. In 1994, Combs became an Assistant Operator with the company. As an operator, Combs was responsible for monitoring highly flammable and toxic substances moving under high pressure through pipes and vessels. The processes for which she was responsible were potentially hazardous. If a procedure was not followed or an accident happened, Combs, other employees, and/or people living near the refinery could be harmed.

According to Combs, she suffered from anxiety and depression and from January to March of 2015, she took sick leave to address these issues. Though she temporarily returned to work, she was soon briefly hospitalized and subsequently began receiving outpatient treatment for her anxiety and depression. In July of 2015, Combs' psychiatrists, Dr. Mark Shoptaugh and Dr. Kelechi Ohayagha, recommended that she be allowed to take the prescription drug Xanax, a benzodiazepine, as needed. Exxon's medical department became concerned that Combs was taking Xanax while working in a safety sensitive position. After a fitness for duty examination, Exxon determined that Combs was not fit to return to duty and should continue working on her recovery with her doctors. In February 2016, Combs was prescribed Vistaril, another medication used for the short-term treatment of anxiety.

In late 2015, Exxon personnel determined that Combs was "totally and permanently" disabled. This was because her psychiatric conditions were only potentially controlled with sedatives that could place Combs, other employees, and the community at risk should she attempt to perform her job functions while taking them. Effective April 1, 2016, Exxon granted Combs long term disability benefits and treated her as a retiree which gave her instant

No. 20-30733

access to her pension.[1] Since Combs was a union member at the time of Exxon's decision, the union grieved and the parties submitted to arbitration. After full arbitration proceedings, the arbitrator issued an opinion and award in Exxon's favor finding that the disability retirement was proper. Additionally, the arbitrator determined that Exxon had not discriminated against or failed to accommodate Combs.

In April of 2018, Combs filed suit against Exxon alleging that it had subjected her to unlawful discrimination and wrongful termination on account of her disability, race, sex, and age. After the district court partially granted Exxon's motion to dismiss in August 2019, three claims remained: (1) discriminatory discharge in violation of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12101, *et seq.*; (2) failure to accommodate in violation of the ADA; and (3) failure to promote based on race in violation of 42 U.S.C. § 1981. In February of 2020, Exxon filed a motion for summary judgment seeking dismissal of Combs' remaining claims. In support of its motion, Exxon submitted a 149-paragraph list of "undisputed material facts" citing to record evidence. Relying on this evidence, Exxon contended that it was entitled to judgment as a matter of law because Combs could not prove the merits of her claims.

Combs' opposition to Exxon's summary judgment motion was due on March 2, 2020. Combs sought, and the district court granted, three extensions of this deadline. On May 7, 2020, Combs filed her opposition generally adopting the facts set forth by Exxon. She did not file an opposing statement contesting Exxon's proposed undisputed facts. In her opposition, however, she attempted to argue that Exxon's proposed facts were disputed.

---

[1] Prior to this time, Exxon determined that Combs qualified for short term disability and gave her full pay and benefits for 26 weeks during her absence from work.

No. 20-30733

She then filed a motion to strike certain parts of Exxon's evidence on grounds that it was submitted to her on the discovery cutoff date of January 6, 2020, claiming she did not have time to "properly vet" the evidence. Then on May 12, 2020, she filed a motion for leave seeking three more days to file an opposing statement of material facts in opposition to Exxon's motion for summary judgment. Months passed after Combs filed her motion for leave but she never supplemented the record with a proposed opposing statement of material facts.

The district court first denied Combs' motion to strike on grounds that she waited four months to challenge Exxon's disclosures and offered no explanation or good cause for her late filing that was due within seven days of Exxon's disclosures. *See* M.D. La. LR 26(d)(1). The district court also denied Combs' motion for leave for noncompliance with Local Rule 56(c) because she belatedly suggested she would file a statement of material facts in opposition to Exxon's but never followed through. *See* M.D. La. LR 56(c).

Finally, the district court granted Exxon's motion for summary judgment on grounds that Combs failed to come forth with competent summary judgment evidence addressing Exxon's arguments or showing the existence of a genuine factual dispute. The district court then dismissed Combs' suit with prejudice. Combs filed this appeal.

## II. Standard of Review

"We review a grant of summary judgment de novo." *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing FED. R. CIV. P. 56(a)). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4

"[U]nsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

## III. Discussion

On appeal, Combs argues that the district court erred in dismissing her failure to accommodate, discriminatory discharge, and failure to promote claims.[2] We disagree. As the district court stated in its Ruling and Order, "summary judgment is about evidence." Because Combs failed to present any competent summary judgment evidence to the district court, she could not carry her burden of showing a genuine issue of material fact. *Ragas*, 136 F.3d at 458. Consequently, the district court did not err in granting Exxon's summary judgment motion.

## IV. Conclusion

For the foregoing reasons, the district court's summary judgment in favor of Exxon is AFFIRMED.

---

[2] Combs also briefs arguments against Exxon's claims of preemption and collateral estoppel, however, because the district court did not address these arguments, they are not properly before this court on appeal.