# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2010

No. 09-10817
Summary Calendar

Lyle W. Cayce
Clerk

ANGELA VASQUEZ,

Plaintiff–Appellant

v.

SHELBY NOWAK CHACON, Individually,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-2046-M

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Angela Vasquez filed suit under 42 U.S.C. § 1983 against Shelby Chacon, a Dallas police officer, alleging violations of the Fourth Amendment for false arrest, false imprisonment, and the use of excessive force. The magistrate judge dismissed Vasquez's suit for failure to identify evidence in the record that supports the claim of bystander liability. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10817

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Vasquez called 911 to report a disturbance at her residence.  When Officers James Ball and Chacon arrived on the scene, Vasquez approached the officers with her dog in her arms.  The officers detected alcohol on Vasquez's breath and suspected that she was intoxicated.  When the officers told Vasquez that there was little they could do to resolve the disturbance, she became agitated and uncooperative. Vasquez refused to comply with the officers' request to return to her home.  Officer Ball then placed Vasquez under arrest for public intoxication.

When Officer Ball attempted to handcuff Vasquez, she jerked her right arm out of his control and the dog fell.  Officer Ball, in an effort to regain control, grabbed Vasquez's right wrist and placed her on the hood of the patrol car. Officer Chacon, standing on the opposite side of the patrol car,  secured the dog while Officer Ball finished handcuffing Vasquez.  The officers transported Vasquez to a detoxification center.  At no point did Vasquez request medical assistance or complain about her arm.   After being released from the detoxification center, a doctor determined that Vasquez's right arm was broken.

Vasquez filed an action in state court against Officers Ball and Chacon for false arrest, false imprisonment, assault, and excessive force.  Vasquez served Officer Chacon but never effected service on Officer Ball.  The state court granted leave for Vasquez to amend her petition to include claims arising under 42 U.S.C. § 1983.  Vasquez amended her complaint to include claims under § 1983 and Officer Chacon removed the action to federal district court.

Officer Chacon filed a motion for summary judgment, arguing that she was entitled to qualified immunity and thus could not be held liable on a theory of

bystander liability. *See White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992).  The magistrate judge recommended granting the motion for summary judgment. Vasquez did not object to the magistrate judge's findings or recommendation. The district court accepted the magistrate judge's recommendation and granted Officer Chacon's  motion for summary judgment.  Vasquez timely appealed.

## II.  ANALYSIS

We generally review a grant of summary judgment *de novo.  See ICEE Distribs. Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 844 (5th Cir. 2006). However, when a party fails to object to the findings of a magistrate judge within ten days of the recommendation, we review the district court's grant of summary judgment for plain error.  *See* 28 U.S.C. § 636(b)(1); *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).  Plain error review applies to the factual findings and legal conclusions of magistrate judges accepted by the district court. *Douglass*, 79 F.3d at 1417.  Summary judgment would not be appropriate if there are "unobjected-to (forfeited) errors that are plain ('clear' or 'obvious') and affect substantial rights."  *Id.* at 1424 (citations omitted).  In *United States v. Olano*, the Supreme Court explained that we have the discretion to correct plain errors only if the "error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  507 U.S. 725, 736 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)) (alteration in original).

Summary judgment is appropriate when, after considering the pleadings and other evidence on file, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  In order to defeat summary judgment, the nonmoving party must

identify evidence in the record that "articulate[s] the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). We view the evidence in the light most favorable to the nonmoving party, but conclusory allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In her motion for summary judgment, Officer Chacon asserted that Vasquez had not produced evidence showing the inapplicability of the qualified immunity defense. *See Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407 (5th Cir. 2007) (finding that the nonmoving party, in response to a motion for summary judgment under qualified immunity, must produce evidence going to show "that the defendant violated the plaintiff's constitutional rights and that the violation was objectively unreasonable"). Additionally, Officer Chacon argued that Vasquez failed to identify any evidence showing that Officer Chacon was liable under § 1983 as a bystander to the use of excessive force. *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (noting that the evidence necessary to defeat summary judgment must indicate that the officer had a "reasonable opportunity to realize the excessive nature of the force and to intervene and stop it").

In response, Vasquez articulated discrepancies between Officer Chacon's state and federal court affidavits purporting to demonstrate the unreasonableness of Officer Chacon's actions. The affidavits had three discrepancies: (1) the state court affidavit listed 8:15 p.m. as the time of the struggle, while the federal court affidavit listed 9:56 p.m.; (2) the state court affidavit did not detail Officer Chacon's location during the struggle, while the

No. 09-10817

federal court affidavit noted that Officer Chacon was standing on the opposite side of the patrol car from Vasquez and Officer Ball; and (3) both the state and federal court affidavits noted that Vasquez was taken to the Dallas jail when, in fact, she was taken to the detoxification center.

The magistrate judge, in construing the evidence in the light most favorable to Vasquez, determined that the discrepancies noted by Vasquez failed to create a genuine issue of material fact as to qualified immunity or bystander liability. The magistrate judge found the first and third discrepancies to be immaterial to Officer Chacon's liability under § 1983. The timing of the struggle and the type of facility that the officers took Vasquez to have no bearing on whether Officer Chacon violated Vasquez's constitutional rights or had a reasonable opportunity to intervene. The second discrepancy, although tangentially related to Officer Chacon's ability to intervene in the arrest, does not show that Officer Chacon knew of the excessive force or had a reasonable opportunity to intervene. Vasquez's conclusory allegation that Officer Chacon's location during the struggle establishes that Chacon was in position to stop the use of excessive force is, absent other evidence, insufficient to create a genuine issue of material fact. *See id.*; *Little*, 37 F.3d at 1075.

Vasquez now contends that when the magistrate judge disregarded the three discrepancies, the magistrate judge did not construe the evidence in the light most favorable to her. Vasquez cites cases from other circuits to support her argument that a disputed issue of fact as to qualified immunity should be decided by a jury. *See Velasquez v. City of Hialeah*, 484 F.3d 1340, 1342 (11th Cir. 2007); *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996). Vasquez's reliance on *Velasquez* and *Mick is* unwarranted; in both cases there were facts

No. 09-10817

indicating that the officers could have reasonably prevented the use of excessive force. *Velasquez*, 484 F.3d at 1342; *Mick*, 76 F.3d at 1130–31. We agree with the magistrate judge that the discrepancies noted by Vasquez do not create a genuine issue of material fact as to the actions of Officer Chacon. The magistrate judge did not plainly err in recommending summary judgment.

### III.  CONCLUSION

Because Vasquez failed to come forward with evidence to rebut qualified immunity or substantiate her § 1983 claim, we AFFIRM the district court's grant of summary judgment to Officer Chacon.

AFFIRMED.