Cynthia FRANKLIN, Plaintiff,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT, Defendant.

Civil Action No. 4:13–CV–3207.

United States District Court,
S.D. Texas,
Houston Division.

Signed Jan. 15, 2015.

Thomas H. Padgett, Jr., Ross Law Group, Austin, TX, Josef Franz Buenker, Attorney at Law, Houston, TX, for Plaintiff.

Paul A. Lamp, Rogers, Morris & Grover, L.L.P., Houston, TX, for Defendant.

### ORDER

VANESSA D. GILMORE, District Judge.

Pending before the Court is Defendant Houston Independent School District ("Defendant")'s motion for summary judgment (**Instrument No. 12**).

### I.

### A.

On October 31, 2013, Plaintiff Cynthia Franklin ("Plaintiff") filed suit against Defendant Houston Independent School District ("HISD," or "Defendant") in the United States District Court for the Southern District of Texas, alleging that Defendant violated the Federal Labor Standards Act of 1938, 52 Stat. 1060, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") by failing to pay overtime wages to Plaintiff between August 1984 to September 12, 2012. (Instrument No. 1 at 1–2). Plaintiff alleges that Defendant is liable to Plaintiff for all unpaid wages and overtime compensation for the three-year period preceding the filing of the lawsuit as well as liquidated damages and attorney's fees and costs. (Instrument No. 1 at 2). On December 9, 2013, Defendant filed its Answer, countering that Plaintiff failed to mitigate her

damages, if any, and that Plaintiff's claims are barred by laches and/or statutes of limitations, and that HISD acted reasonably and in good faith and has paid Plaintiff all or part of the overtime wages she claims to be owed. (Instrument No. 8).

On August 15, 2014, Defendant filed a motion for summary judgment. (Instrument No. 12). Plaintiff filed a response on September 5, 2014. (Instrument No. 14). Defendant filed a reply on September 10, 2014. (Instrument No. 15).

## B.

Plaintiff Cynthia Franklin began her employment for Defendant HISD as an equipment manager for HISD's Athletic Department at the Butler Sports Complex in August 1985. (Instrument No. 14–1 at 1–3). The Butler Sports Complex serves HISD students and other events, and contains an 8, 000 seat football stadium, a basketball court, a baseball diamond, and a venue for football, soccer, or track. (*Id.*). Plaintiff's regular work consisted of picking up equipment from the Delmar Sports Complex, notifying and issuing newly-ordered equipment to coaches, issuing paperwork for equipment, retrieving and delivering sports equipment from and to the various HISD stadium complexes and school campuses, separating and cataloging sports equipment, cleaning and folding uniforms, cleaning the dressing rooms and gym area after games, emptied trash, and picked up litter. (*Id.*). Her regular work schedule was Monday through Friday from 7:00 a.m. to 3:30 p.m. (*Id.*).

In addition to Plaintiff's regular work, she occasionally performed extra work for HISD athletic events including taking tickets at the gate, guarding doors, kept score and time in various events, working the concession stand, and making duplicates of game video footage. (*Id.*). This additional work was performed outside of Plaintiff's usual 7:00 a.m. to 3:30 p.m. schedule, but mostly on the evenings and weekends, and she was compensated at a different hourly rate than for her regular services. (*Id.*). Plaintiff claims that she was not paid overtime when she performed ancillary work in excess of her regular forty-hour workweek. (*Id.*). Plaintiff alleges that these extra jobs occurred frequently and regularly throughout various sports seasons and virtually in every month of the year. (*Id.*). For instance, Plaintiff alleges that during the period from October 29, 2010 through September 8, 2012, she worked a total of 409.95 hours over 100 days. (*Id.*).

On October 31, 2013, Plaintiff brought suit against HISD requesting overtime wages for her ancillary work exceeding forty hours per week. (Instrument No. 1). On August 15, 2014, HISD moved for summary judgment on the basis that Blair's ancillary work falls within the "occasional or sporadic" exclusion to the Fair Labor Standards Act's overtime pay requirement. (Instrument No. 12). Defendant relies on 29 C.F.R. § 553.30(a) and requests this Court to apply the occasional or sporadic employment exclusion in this case because Plaintiff was employed by a state or local government entity and Plaintiff voluntarily performed occasional or sporadic part-time work for that entity which was in a different capacity from her regular duties as an equipment manager. (Instrument No. 12 at 5–6).

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986); *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir.2006).

The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.,* 485 F.3d 253, 261 (5th Cir.2007) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 326 (5th Cir.2009). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir.2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency,* 537 F.3d 504, 507 (5th Cir.2008) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)).

After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case."

*Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. *Little,* 37 F.3d at 1075. Rather, the "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998); *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir.2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, *Connors v. Graves,* 538 F.3d 373, 376 (5th Cir.2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux,* 402 F.3d at 540 (*quoting Little,* 37 F.3d at 1075). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am.'s Favorite Chicken,* 110 F.3d 295, 297 (5th Cir. 1997).

In deciding a summary judgment motion, the District Court does not make credibility determinations or weigh evidence. *E.E.O.C. v. Chevron Phillips Chemical Co., LP,* 570 F.3d 606, 612 n. 3 (5th Cir.2009). Nor does the court "sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal–Western Packaging Corp.,* 602 F.3d 374, 379–80 (5th Cir.2010); *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir.2003); *Ragas,* 136 F.3d at 458; *Nissho–Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be proper-

ly entered"). Therefore, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara,* 353 F.3d at 405.

## III.

■ The Fair Labor Standards Act ("FLSA") provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). However, the overtime requirement of the FLSA has several exemptions. The exemption claimed by HISD is known as the "occasional or sporadic" exemption, and provides:

> 'If an employee of a public agency which is a State, political subdivision of a State, or an interstate governmental agency undertakes, on an occasional or sporadic basis and solely at the employee's option, part-time employment for the public agency which is in a different capacity from any capacity in which the employee is regularly employed with the public agency, the hours such employee was employed in performing the different employment shall be excluded by the public agency in the calculation of the hours for which the employee is entitled to overtime compensation under this section."

*Id.* § 207(p)(2). The C.F.R. also contemplates times when "an occasional need for additional resources in ... public services which is at times best met by the part-time employment of an individual who is already a public employee." *Id.* Where employees voluntarily enter into such part-time work, the total hours worked will not be combined for purposes of overtime cal-

culation on the primary job. *Id.* However, to prevent overtime abuse, the C.F.R. excludes such part-time work hours from overtime compensation only where "the occasional or sporadic assignments are not within the same general occupational category as the employee's regular work." *Id.* Therefore, to successfully claim the exemption, HISD must show that: 1) Plaintiff is an employee of a public agency, 2) she undertook occasional or sporadic ancillary employment for HISD, 3) the ancillary employment was on a part-time basis, 4) Plaintiff voluntarily accepted and performed such ancillary employment, and 4) her ancillary employment was in a different capacity than her regular employment.

■ Determining whether an exemption from the FLSA applies "is primarily a question of fact," but the "ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law." *Cheatham v. Allstate Ins. Co.,* 465 F.3d 578, 584 (5th Cir.2006) (internal citations omitted). FLSA exemptions are construed "narrowly" and "the burden of proof lies with the employer." *Id.* In this case, the parties agree that HISD is a public agency and that Plaintiff's ancillary work was voluntary and on a part-time basis. (Instrument No. 12 at 6–7; No. 14 at 2–3). For the purposes of this summary judgment analysis, the parties only dispute whether Plaintiff's work was occasional or sporadic and if it was in a different capacity from her regular work.

### A.

Defendant asserts that Franklin's ancillary work is FLSA-exempt as sporadic or occasional, because the work was only available irregularly and infrequently (whenever a home game was scheduled), and Plaintiff's irregular hours fluctuated sporadically anywhere from less than one

hour per shift up to 8.5 hours. (Instrument No. 12 at 8–13). In response, Plaintiff asserts that her ancillary work was not occasional or sporadic because HISD operated a continually operating sports complex that accommodated football games, basketball games and tournaments, track and field events, volleyball games and tournaments, and baseball games and tournaments, all of which were staffed by HISD employees who took tickets, kept score and time, and monitored the halls. (Instrument No. 14 at 7–11).

Under the federal regulations, occasional or sporadic is defined as "infrequent, irregular, or occurring in scattered instances." 29 C.F.R. § 553.30(b)(1). The C.F.R. contemplates that public recreation facilities and stadiums typically utilize employees in occasional or sporadic work, such as in "taking of tickets, providing security for special events (*e.g.*, concerts, sports events, and lectures)." 29 C.F.R. § 553.30(b)(3). Such employment may be considered "occasional or sporadic for regular government employees even where the need recurs seasonally (such as with a program of scheduled sports events . . .)." *Id.* Additionally, the regulations contemplate the scenario of a parks department clerk who, in addition to her regular job, regularly works additional hours on a part-time basis (*e.g.*, every week or every other week) at a public park concession stand operated by that agency. *Id.* Such a local government employee's ancillary part-time work is not intermittent or irregular, and therefore would not be exempt from FLSA-mandated overtime calculations. *Id.*

■ In this case, Plaintiff's ancillary work included taking tickets, providing security, and keeping time and score at evening and weekend sporting events. (Instrument No. 14–1 at 1–3). Plaintiff maintains that her extra work occurred frequently and regularly, and the nature of her ancillary work as ticket-taker and security personnel in stadium sports events corresponds to the type of work that the regulations suggest is occasional or sporadic. *See* 29 C.F.R. § 553.30(b)(3). Accordingly, the C.F.R. explicitly includes part-time responsibilities such as ticket-taking and providing security for sports events to likely be occasional or sporadic work for a public parks employee. *Id.* However, there is no clear standard to assess the occasional or sporadic nature of ancillary part-time employment. Upon a review of Plaintiff's employment record in the relevant period, this Court finds that Plaintiff's reasoning is more appropriate. Plaintiff's employment record demonstrates that her ancillary work occurred at least two days a week for at least eight hours a week in every month from October 2010 to September 2012, excluding the Thanksgiving and winter holidays. (Instrument No. 14–5 at 1–3). The record demonstrates that Plaintiff worked in an ancillary capacity in every month of the year other than November and December of 2011 through 2012, and the majority of her ancillary work occurred on a weekly basis rather than an irregular or infrequent basis. (*Id.*). Such an employment record does not support Defendant's theory that Plaintiff's ancillary work was irregular and infrequent.

Therefore, this Court finds that Plaintiff's ancillary employment as a part-time stadium worker is not sufficiently infrequent, irregular, or scattered to satisfy the occasional and sporadic element of the exemption. *See* 29 C.F.R. § 553.30(b)(3). This Court finds that, as a matter of law, Plaintiff's ancillary work is not exempt from the FLSA because it was not occasional or sporadic.

**B.**

This Court has determined that Plaintiff's ancillary employment does not fall

under the sporadic or occasional FLSA exemption because her work was not infrequent, irregular, or scattered to satisfy the exemption. However, in an abundance of caution and due to the dearth of existing jurisprudence on this issue, the Court will additionally examine whether Plaintiff's ancillary work was in a different capacity from her primary duties as required for FLSA exemption.

Defendant asserts that Plaintiff's ancillary work is FLSA-exempt because it was in a different capacity from her regular work and consisted of job responsibilities different from her primary job. (Instrument No. 12 at 13–16). Defendant asserts that Plaintiff's ancillary work consisted of taking tickets, working security at venues, and working at the concession stand, which differed from her primary duties of distributing and cataloguing the sports equipment, and cleaning uniforms and the premises. (*Id.*). In response, Plaintiff claims that her part-time extra employment was not in a different capacity because the specific job duties of her ancillary employment overlapped with the same cleaning duties she had during her primary employment. (Instrument No. 14 at 12–15).

In order for an employee's ancillary part-time employment to qualify as "work in a different capacity," it must fall outside "the same general occupational category" as the regular employment. 29 C.F.R. § 553.30(c). The regulations provide that "a public park employee primarily engaged in playground maintenance [who] also from time to time cleans an evening recreation center" is engaged in the same capacity of employment. 29 C.F.R. § 553.30(c)(3). Such an employee's ancillary employment must still be counted for overtime purposes, even if it is occasional or sporadic. *Id.* In contrast, the regulations provide that "a bookkeeper for a municipal park agency or a city mail clerk [who] occasionally referees for an adult evening basket-

ball league" is not within the same capacity of employment. *Id.;* § 553.30(c)(4). In this case, the examples provided by the regulations provide little guidance.

Because of the lack of clear guidance in the regulations and case law, combined with the requirement that FLSA coverage be narrowly construed against the employer, this Court must consider the purpose of the FLSA and its exemptions. 29 U.S.C.A. § 213; *Songer v. Dillon Res., Inc.,* 618 F.3d 467 (5th Cir.2010); *Tyler v. Union Oil Co. of Cal.,* 304 F.3d 379, 402 (5th Cir.2002). The FLSA was designed as a broad remedial statute. *A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095 (1945) ("The Fair Labor Standards Act is designed to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.") (internal quotations omitted). Furthermore, "[t]o extend an exemption to other than those plainly and unmistakably within [the FLSA's] terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people." *A.H. Phillips,* 324 U.S. at 493, 65 S.Ct. 807.

■ In this case, the Court cannot find as a matter of law that Plaintiff's ancillary work was similar enough to her primary responsibilities to constitute work within the same capacity. *See* 29 C.F.R. § 553.30(c). When viewing all evidence in a light most favorable to Plaintiff, the Court cannot conclude as to the similarity of Plaintiff's regular work of handling and distributing sports equipment and her ancillary work of facilitating live sporting events. *See Cheatham v. Allstate Ins. Co.,* 465 F.3d 578 (5th Cir.2006). Additionally troubling is the overlap of Plaintiff's janitorial and cleaning duties during both her primary work and her ancillary work for HISD. (Instrument No. 14–1 at 1–3).

Plaintiff's ancillary employment was not "plainly and unmistakably" within a different capacity. *See* 29 U.S.C.A. § 216(b); *Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); *Meza v. Intelligent Mexican Mktg., Inc.,* 720 F.3d 577 (5th Cir.2013) ("an employer bears the burden of proving that an employee is ineligible under the FLSA ... the employer must ... show the exemption is plainly and unmistakably applicable"). Therefore, this Court finds that Defendants have not shown that Plaintiff's ancillary work was exempt from the FLSA under 29 U.S.C.A. § 207(p)(2).

Accordingly, Defendant's motion for summary judgment is DENIED.

## IV.

Based on the foregoing, IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment is **DENIED.** (**Instrument No. 12**).

The Clerk shall enter this Order and provide a true copy to all parties.